STATE OF HAWAII, Appellee, *v.* JAMES POKINI, et al.,
In re: DAVID BETTENCOURT, Citee-Appellant.

NO. 5430

APRIL 9, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI and
OGATA, JJ., and CIRCUIT JUDGE FUKUSHIMA
ASSIGNED TEMPORARILY BY REASON OF VACANCY

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by attorney David Bettencourt (here-inafter appellant) from a judgment issued by Judge Robert Won Bae Chang, judge of the circuit court of the first circuit, State of Hawaii (hereinafter appellee) on an order to show cause holding that appellant was guilty of criminal contempt of court for failure to pay a fine levied against him.

FACTS

Appellant was one of sixteen attorneys who were involved in a court proceeding on January 5, 1973, relative to various motions filed by the attorneys on behalf of several defendants in *State v. Pokini, et al.*, Criminal Nos. 44262, 44263, 44324,

44325 and 44614. Appellee had made it clear to all counsel present that he would recognize each attorney separately, in an orderly fashion, and that he would conduct court proceedings on each motion on a case by case basis.

During the course of the hearing, appellee ruled that one of the four prosecutors present would be representing the State in all of the cases after objections were raised by several of the defense counsel as to the status of two of the attorneys who were acting as prosecutors but were no longer employed with the prosecutor's office. Appellee then recognized one of the defense attorneys, resulting in the following exchange between appellant and the court:

THE COURT [appellee]: Very well.

Are you ready, Mr. Pyun [a defense counsel]?

MR. PYUN: Yes, your Honor, I am. We object to an in camera hearing.

MR. BETTENCOURT: May I be heard briefly?

THE COURT: No, not yet. The Court will hear —

MR. BETTENCOURT: It's on the question —

THE COURT: Just one second, Mr. Bettencourt. The Court hasn't recognized you. Please be seated.

MR. BETTENCOURT: Well, this —

THE COURT: Mr. Bettencourt, —

MR. BETTENCOURT: . . . . prior to this —

THE COURT: Mr. Bettencourt, will you please be seated.

MR. BETTENCOURT: I don't want Mr. Grean —

THE COURT: The Court orders you to be seated.

MR. BETTENCOURT: I —

THE COURT: Or the Court will hold you in contempt of court. The Court orders you to be seated.

MR. BETTENCOURT: We object to any further proceeding —

THE COURT: Very well. The Court will hold you in contempt of court at this time.

(BRIEF PAUSE HAD IN THE PROCEEDINGS)

THE COURT: Very well. The Court will impose a

$50.00 fine against you, Mr. Bettencourt. That will be payable within forty-eight hours.

The Court would like to caution all counsel that when the Court issues an order, you are to follow that order. If you feel that the Court is wrong, it would be a basis on which you may appeal. The Court has not yet deprived any counsel in due course of time to state for the record whatever they wish to state. But at this time, the proceeding was that Mr. Pyun was recognized by the Court and not Mr. Bettencourt. The Court would like to have all counsel please bear in mind that you are to follow the orders of the Court.

Appellant failed to pay the $50.00 fine within 48 hours as specified by appellee.

Appellant was ordered to appear at a hearing to show cause why he should not be held in contempt of court for not paying the $50.00 fine imposed on January 5, 1973. This hearing was held on January 19, 1973; however, it was continued by appellee upon being informed that the statute required that a written order be filed on the original finding of contempt. Appellee subsequently filed said order on January 22, 1973, which read as follows:

### ORDER AND JUDGMENT OF CONTEMPT

The above-entitled cause having duly come on for hearing on motions commencing at 8:30 a.m. on Friday, January 5, 1973; and

At said hearing David Bettencourt, an attorney duly licensed to practice law in this jurisdiction having made his appearance on behalf of John S. Edmunds, the attorney for defendant Steven M. Hayashida, one of the defendants in the above-entitled cause; and

During the course of the hearing of various motions in the above-entitled cause, the Court having followed a procedure of recognizing counsel, one at a time, in order to preserve order during the hearing, because there were present and participating more than ten lawyers representing various parties; and

During the course of the presentation of matters by one of the counsel, namely, Matthew S. K. Pyun, Jr., who was duly recognized by the Court, the aforesaid David Bettencourt having interrupted the court proceeding by standing and speaking without first securing recognition by the Court at a time when the Court was still hearing Matthew S. K. Pyun, Jr.; and

The Court having requested Mr. Bettencourt to please be seated until he is recognized, and this request having been made several times and not complied with by the said Mr. Bettencourt; and

The Court thereafter having ordered Mr. Bettencourt to be seated several times, and the said Mr. Bettencourt having disobeyed the Court's order to be seated and having continued to attempt to be heard and thus having willfully disobeyed the order of the Court; and

The Court having found Mr. Bettencourt in Contempt of Court and having imposed a fine of fifty dollars ($50.00) on Mr. Bettencourt, payable within forty-eight (48) hours;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that based upon the foregoing proceedings, the Court hereby finds the said Mr. David Bettencourt in Contempt of Court and hereby imposes a fine in the sum of fifty dollars ($50.00), payable within forty-eight (48) hours from the filing of this Order and Judgment.

On February 1, 1973, a second hearing ordering appellant to show cause why he should not be held in contempt for failure to pay the fine was held, at which time the appellant filed a Motion for Reconsideration of Contempt Finding. After hearing the arguments of appellant, appellee called his court clerk to the witness stand to establish that appellant had failed to pay the fine. He then ruled appellant in contempt and sentenced him to five days in jail and fined him $100.00.

On the same day, appellant presented a writ of prohibition to the State Supreme Court which was denied in a memorandum opinion rendered March 5, 1973.[1] (*Bettencourt v.*

---

[1] In its memorandum opinion, this court stated in part:

Shortly before noon of February 1, 1973, petitioner presented to the clerk of this court his petition seeking the issuance by this court of a writ prohibiting

*Chang*, S. C. No. 5424).

The appellant has now appealed the order and judgment of contempt issued on February 2, 1973, following the hearing of February 1, 1973. Said order was issued as follows:

### ORDER AND JUDGMENT OF CONTEMPT

The Order to Show Cause filed herein on January 29, 1973, having duly come on for hearing on Thursday, February 1, 1973, and the Court being fully advised in the premises;

And the Citee David Bettencourt through his counsel Mr. David Schutter having presented various motions, and the Court having ruled on said various motions as hereinafter shown, and the Court having heard evidence supporting the aforesaid Order to Show Cause;

IT IS HEREBY ORDERED, ADJUDGED AND DE-CREED that:

1. The Motion for Reconsideration of Contempt Finding Against Attorney David Bettencourt filed herein on January 24, 1973, is hereby denied;

2. The oral motion for continuance of the hearing on the aforesaid Order to Show Cause is hereby denied;

3. The motion for disqualification of this Court is hereby denied;

4. The motion to reassign this cause to another judge is hereby denied;

5. The motion to dismiss and quash the aforesaid Order to Show Cause following the evidence presented in support of the aforesaid Order to Show Cause is hereby denied;

---

Judge Chang from proceeding with the order to show cause. The petition was promptly circulated by the clerk to the justices of this court, but not in sufficient time to enable this court to convene and consider the same before Judge Chang held his hearing on the order to show cause, found petitioner in contempt of court for failure to comply with the order and judgment of contempt issued on January 22, 1973, and imposed upon him a fine of $100 and a jail sentence of 5 days.

Judge Chang having acted on the order to show cause before this court was able to act on the petition for writ of prohibition filed by petitioner, and this court's inability to act on the petition on time being due to petitioner's delay in presenting the same, the writ is denied as being moot.

6. And the Court finds that the Citee David Bettencourt was duly ordered to pay a fine of fifty dollars ($50.00), and having failed to make said payment as of the time of this hearing, the Court hereby finds the said David Bettencourt in Contempt of Court and hereby sentences said David Bettencourt to five days in jail, mittimus to issue forthwith, and is hereby fined the sum of $100.00, payable within ten days from the filing of this Order and Judgment.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that in the event the said David Bettencourt files an appeal to the State Supreme Court in this matter, the said David Bettencourt shall post a cash bail in the sum of five hundred dollars ($500.00) pending determination of any such appeal.

## ISSUES

I. Whether appellant has standing to institute this appeal.

II. Whether the order and judgment of contempt of February 2, 1973, was founded on the violation of a lawful order issued on January 22, 1973.

### I. WHETHER APPELLANT HAS STANDING TO INSTITUTE THIS APPEAL

Section 1077 of Act 9, Session Laws of Hawaii 1972, Criminal Contempt of Court, in pertinent parts, reads:

Sec. 1077 — Criminal contempt of court.

(1) A person commits the offense of criminal contempt of court if:

. . . .

(c) As an attorney, clerk, or other officer of the court, he knowingly fails to perform or violates a duty of his office, or knowingly disobeys a lawful directive or order of a court; or

. . . .

(2) Except as provided in subsection (3), criminal contempt of court is a misdemeanor.

(3) The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:

    (a) If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition; and

    (b) If the offense was not committed in the immediate view and presence of the court, nor under such circumstances that the court has knowledge of all of the facts constituting the offense, the court shall order the defendant to appear before it to answer a charge of criminal contempt of court; the trial, if any, upon the charge shall be by the court without a jury; and proof of guilt beyond a reasonable doubt shall be required for conviction.

. . . .

(5) Whenever any person is convicted of criminal contempt of court or sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment. In any proceeding for review of the judgment, sentence, or commitment, no presumption of law shall be made in support of the jurisdiction to render the judgment, pronounce the sentence, or order the commitment. A conviction under subsection (3) (a) shall not be subject to review by direct appeal.[2]

. . . .

---

[2] Section (5) has since been amended effective July 1, 1973, by Act 136, Session Laws of Hawaii 1973 (now HRS § 710-1077(5) (Supp. 1973) ), as follows:

    (5) Whenever any person is convicted of criminal contempt of court or sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment. In any proceeding for review of the judgment, sentence, or commitment, no presumption of law shall be made in support of the jurisdiction to render the judgment, pronounce the sentence, or order the commitment. A judgment, sentence, or commitment under subsection (3) (a) shall not be subject to review by appeal, *but shall be subject to review in an appropriate proceeding for an extraordinary writ*

The basic question to be resolved is whether the order and judgment of contempt issued February 2, 1973, falls within the provisions of said Section 1077(3) (a) or (3) (b).

The record on the order to show cause hearing reflects the following exchange between Mr. Schutter (attorney for appellant) and the appellee:

THE COURT: Mr. Schutter, the Court is wondering whether by this last argument there is an attempt to pull yourself up by your own bootstraps, —

MR. SCHUTTER: Not at all.

THE COURT: — in this sense: Now the kind of contempt that was found against the citee initially, is the kind of contempt for which there is no appeal. Is that correct?

MR. SCHUTTER: That is correct.

THE COURT: Are you not now trying to say —

MR. SCHUTTER: At least I'm agreeing with the Court at this point that there does not seem to be.

And further at the same hearing on page 19 of the record, lines 21-25:

THE COURT: How does that come in, Mr. Schutter?

MR. SCHUTTER: That comes in in the point of fact that we have a Statute which purportedly makes direct summary contempt nonappealable.

THE COURT: Yes.

At the subsequent continuation of the above hearing on February 1, 1973, counsel for the appellant argued in the following manner:

[MR. SCHUTTER] . . . The Court is aware that direct contempt under 3A of Section 1077 of the new penal code is not appealable on direct appeal. This hearing we believe — and I'm not even certain of that — is appealable. . . .

We are of the opinion, though the record is sparse, that the appellee treated the initial contempt by appellant and the order to show cause as proceedings in petty misdemeanor

---

*or in a special proceeding for review.* (Emphasis added.)

All other judgments, sentences, or commitments for criminal contempt of court shall be subject to review by appeal, in a proceeding for an appropriate extraordinary writ, or in a special proceeding for review.

offenses in accordance with the provisions of said Section 1077(3). The record on the penalties imposed herein further supports said determination.[3]

We are of the further opinion that the order and judgment of contempt issued February 2, 1973, falls within the provisions of said Section 1077(3) (b). It is clear from the record that the appellant did not commit the offense of contempt "in the immediate view and presence of the court" and/or the appellee did not have the "knowledge of all of the facts constituting the offense".

Thus, appellant has standing in this appeal herein. Section 1077(5), Act 9, S.L.H. 1972; HRS § 641-11 (Supp. 1973); HRCrP Rule 37.

---

[3] The following are the applicable sections of Act 9, Session Laws of Hawaii 1972, reflecting the grades and classes of offenses and the penalties for misdemeanors and petty misdemeanors:

Sec. 107 — Grades and classes of offenses.

(1) An offense defined by this Code or by any other statute of this State for which a sentence of imprisonment is authorized constitutes a crime. Crimes are of three grades: felonies, misdemeanors, and petty misdemeanors. Felonies are of three classes: class A, class B, and class C.

. . . .

(3) A crime is a misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined in a statute other than this Code which provides for a term of imprisonment the maximum of which is one year.

(4) A crime is a petty misdemeanor if it is so designated in this Code or in a statute other than this Code enacted subsequent thereto, or if it is defined by a statute other than this Code which provides that persons convicted thereof may be sentenced to imprisonment for a term of which the maximum is less than one year.

. . . .

Sec. 640 — Authorized fines.

A person who has been convicted of an offense may be sentenced to pay a fine not exceeding:

. . . .

(3) $1,000, when the conviction is of a misdemeanor;

(4) $500, when the conviction is of a petty misdemeanor or a violation;

Sec. 663 — Sentence of imprisonment for misdemeanor and petty misdemeanor.

A person who has been convicted of a misdemeanor or a petty misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall not exceed one year in the case of a misdemeanor or 30 days in the case of a petty misdemeanor.

## II. LAWFULNESS OF THE ORDER OF
## JANUARY 22, 1973

The judgment of appellee, in the order to show cause proceedings, is premised upon the initial order and judgment of contempt issued by appellee on January 22, 1973.[4] The specific provision of said Section 1077(1) (c) makes the validity of the order and judgment of contempt resulting from the order to show cause proceedings depend strictly on the lawfulness of the initial order and judgment of contempt issued by appellee against appellant.

The record herein shows that the appellant, attorney for a defendant in Criminal case No. 44262, intended to raise an objection to appellee's ruling that one prosecutor would represent the State in all of the motions to be heard in the hearing heretofore mentioned, including appellant's motion which was scheduled for a hearing on the same day. Prior to appellant's contempt difficulties with appellee the following transpired in appellee's court:

> THE COURT: Mr. Grean, are you still in the Prosecutor's Office?
>
> MR. GREAN: Yes, your Honor.
>
> THE COURT: Will you for the purpose of this morning's proceedings take care of all of these matters?
>
> MR. GREAN: Yes, your Honor.

Thus, we are faced with the question, to-wit: Must an attorney totally obey a trial court's determination as to when an attorney can seek the trial court's recognition to state an objection and as to when an attorney must remain mute and seated.

In *In re McConnell*, 370 U.S. 230, 236 (1962), the United States Supreme Court said:

> While we appreciate the necessity for a judge to have the power to protect himself from actual obstruction in the courtroom, or even from conduct so near to the court

---

[4] Section 1077(1) (c), Act 9, S.L.H. 1972, reads:

(c) As an attorney, clerk, or other officer of the court, he knowingly fails to perform or violates a duty of his office, or knowingly disobeys a *lawful* directive or order of a court; or . . . . (Emphasis added.)

440

as actually to obstruct justice, it is also essential to a fair administration of justice that lawyers be able to make honest good-faith efforts to present their clients' cases. An independent judiciary and a vigorous, independent bar are both indispensable parts of our system of justice. . . .

In *Cooper v. Superior Court*, 55 Cal.2d 291, 298, 359 P.2d 274, 278, 10 Cal. Rptr. 842, 846 (1961), it was stated:

"The power to silence an attorney does not begin until reasonable opportunity for appropriate objection or other indicated advocacy can be afforded."

In *Platnauer v. Superior Court*, 32 Cal. App. 463, 474-75, 163 P. 237, 242 (1917), the California Supreme Court stated:

A lawyer, when engaged in the trial of a case, is not only vested with the right, but, under his oath as such officer of the court, is charged with the duty of safeguarding the interests of his client in the trial of an issue involving such interests. For this purpose, in a trial, it is his sworn duty, when the cause requires it, to offer testimony in behalf of his client or in support of his case in accordance with his theory of the case, to object to testimony offered by his adversary, to interrogate witnesses, and to present and argue to the court his objections or points touching the legal propriety or impropriety of the testimony or of particular questions propounded to the witnesses. If, in discharging this duty, he happens to be persistent or vehement or both in the presentation of his points, he is still, nevertheless, within his legitimate rights as an attorney, so long as his language is not offensive or in contravention of the common rules of decorum and propriety. As well may be expected in forensic polemics, he cannot always be right, and may wholly be wrong in his position upon the legal question under argument, and to the mind of the court so plainly wrong that the latter may conceive that it requires no enlightenment from the argument of counsel. But, whether right or wrong, he has the right to an opportunity to present his theory of the case on any occasion where the exigency of the pending point in his judgment requires or justifies it.

The record in the instant case does not give any indication that the appellant was doing any more than attempting, in good faith, to protect the best interests of his client through a proper objection. There is no evidence of any disrespect in the choice of words used toward appellee. Of course, appellant, in his zealous advocacy of his client's cause, failed to promptly listen to and abide with the dictates of appellee as to when each attorney would be recognized and heard by appellee and failed to remain seated though ordered to do so by appellee.

Obviously, it is difficult for appellate judges to really feel and see and suffer the great burden carried by a trial judge, especially in a multiple defendants proceeding. But however great the trials and tribulations of a trial judge and regardless of our sympathy and appreciation of a trial judge and notwithstanding the fact that a trial judge has the power and responsibility to conduct an orderly proceeding, we are of the opinion that appellee in the case herein should have recognized appellant and allowed appellant to state his objections and reserved ruling until a time more convenient to appellee. Thus, in the instant case, based on the totality of appellant's conduct, we are of the opinion that he was not guilty of contempt of appellee in the initial contempt citation. Therefore, the order to show cause proceeding, based on an unlawful order and judgment of contempt, was an invalid proceeding and the appellant is hereby cleared of contempt in both proceedings.

Reversed.

*David C. Schutter* for appellant.

*Robert P. Jaress,* Deputy Attorney General *(George Pai,* Attorney General, of counsel) for appellee.