STATE OF HAWAII, Plaintiff-Appellee, *v.* JOSEPH A. RYAN, Defendant-Appellant

NO. 6297

AUGUST 15, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* Defendant attorney appeals from a summary conviction of contempt of court for not appearing at a scheduled district court hearing. Upon our review of the record in connection with certain motions, it appeared to us that the trial court had ordered summary conviction and disposition under HRS § 710-1077(3)(a), in which event the judgment would be excluded by HRS § 710-1077(5) from review by appeal. Accordingly, we ordered that the parties prepare memoranda addressing that question. We conclude that the offense was not one for which summary conviction and disposition could be ordered, and that an appeal may be taken from the judgment of contempt.

On July 20, 1976, James Richard Stone appeared for trial before the Honolulu District Court as the defendant in a driving while intoxicated charge under HRS § 286-155. Stone's counsel, the appellant here, was not present. Stone represented that appellant was then in federal court. The judge stated for the record that there had been no request for

a continuance from appellant. Stone then agreed to proceed to trial without an attorney.

On July 29, 1976, further proceedings were had in the matter. At the hearing on that date, wherein appellant for Stone moved alternatively for a new trial, arrest of judgment and mitigation of sentence, appellant was asked by the court to explain his previous nonappearance. Appellant stated that he was at the United States District Court, that he believed he knew the day before his absence that he would have a federal court trial, and that other than by sending Stone to explain his whereabouts he did not inform the court that he would be late. The court adjudged appellant in contempt under HRS Section 710-1077 and fined him $100, without indicating which clause of Section 710-1077(1) it found that he had violated. Appellant was at no time ordered to appear before the court to answer a charge of criminal contempt.

HRS § 710-1077 provides in pertinent part:

Criminal contempt of court. (1) A person commits the offense of criminal contempt of court if:

(a) He recklessly engages in disorderly or contemptuous behavior, committed during the sitting of a court in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due to its authority; or

. . . .

(c) As an attorney, clerk, or other officer of the court, he knowingly fails to perform or violates a duty of his office, or knowingly disobeys a lawful directive or order of a court; or

. . . .

(g) He intentionally disobeys or resists the process, injunction, or other mandate of a court; or

. . . .

(3)  The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:

> (a)  If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition; and
>
> (b)  If the offense was not committed in the immediate view and presence of the court, nor under such circumstances that the court has knowledge of all of the facts constituting the offense, the court shall order the defendant to appear before it to answer a charge of criminal contempt of court; the trial, if any, upon the charge shall be by the court without a jury; and proof of guilt beyond a reasonable doubt shall be required for conviction.

. . . .

(5)  Whenever any person is convicted of criminal contempt of court or sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment. In any proceeding for review of the judgment, sentence, or commitment, no presumption of law shall be made in support of the jurisdiction to render the judgment, pronounce the sentence, or order the commitment. A judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review.

The State contends that the conviction was under subsection (3)(a) and is expressly not subject to review by appeal under subsection (5). A conviction under subsection (3)(b) is subject to review by appeal under HRS § 641-12. Although the sentence evidences the district court's election to treat the offense as a petty misdemeanor, the court did not indicate under which subsection it was proceeding. The conviction

must be regarded as under subsection (3)(b), although the procedural requirements of that subsection were not followed, if the offense was neither committed in the immediate view and presence of the court nor committed under such circumstances that the court had knowledge of all the facts constituting the offense, as required for a proceeding under subsection (3)(a). *In re Bettencourt,* 55 Haw. 430, 521 P.2d 668 (1974).

The majority of federal and state courts that have been confronted with the question of how to classify absence from court proceedings have viewed nonappearance as a contempt out of the presence of the court. *In re Lamson,* 468 F.2d 551 (1st Cir. 1972), *United States v. Willett,* 432 F.2d 202 (4th Cir. 1970), *United States v. Delahanty,* 488 F.2d 396 (6th Cir. 1973), *In re Allis,* 531 F.2d 1391 (9th Cir. 1976), *Rogers v. Superior Court,* 2 Ariz. App. 556, 410 P.2d 674 (1964), *District Attorney v. District Court,* 150 Colo. 136, 371 P.2d 271 (En Banc 1962), *Harthun v. District Court,* 178 Colo. 118 (1972), *Lee v. Bauer,* 72 So. 2d 792 (Fla. 1954), *People v. Westbrook,* 242 Ill. App. 338 (1926), *In re Henry,* 32 Mich. App. 654, 189 N.W.2d 96 (1976), *Ex. parte Clark,* 106 S.W. 990 (Mo. 1907), *La Pera v. Snider,* 240 N.W.2d 862 (N.D. 1976), Dobbs, Contempt of Court: A Survey, 56 Cornell L. Rev. 183 (1971), Annotation, 97 A.L.R.2d 431 (1964). Essentially, these courts have reasoned that logic is strained by ruling that absence amounts to presence. "It would seem like an exquisite and palpable contradiction of terms to complain in one breath that the petitioner and his acts were absent, and in the next breath to say such absence constituted a presence; that is, a contempt committed in the presence of the court." *Ex parte Clark, supra,* 106 S.W. at 997.

We conclude that appellant's offense, since it clearly consisted of absence from the court, could not be dealt with as an offense committed in the immediate view and presence of the court. The court might nevertheless have proceeded under subsection (3)(a) if the offense had been committed under such circumstances that the court had knowledge of all the facts constituting the offense. All of the offenses described in subsection (1) of the statute require a degree of

scienter and in order to have knowledge of all the facts constituting the offense it was necessary for the court to have knowledge that the offense was committed recklessly, knowingly, intentionally or with intent to interrupt the court's proceedings, depending upon the clause of subsection (1) which the court deemed to be involved. It does not appear from the record that the court had knowledge of appellant's state of mind in committing the offense, except to the extent disclosed by appellant's statements to the court at the time of his summary conviction. The mere fact of appellant's absence, which was within the knowledge of the court, was not sufficient to enable it to infer the intent with which appellant absented himself.

In *State v. Taylor*, 56 Haw. 203, 532 P.2d 663 (1975), we held that a defendant, who failed to appear for trial upon a criminal charge in a district court and was summarily convicted of criminal contempt of court, was guilty of direct contempt under HRS § 710-1077(3)(a) and as such the conviction was not subject to review by direct appeal. On its facts, however, *Taylor* is distinguishable from the instant case. The defendant in *Taylor* professed to have been waiting for her counsel outside the courtroom, but did not respond at either of the two times her case was called. This information, known to the court by defendant's own admission, was sufficient to establish that she was in court premises when the case was called and the conduct which constituted contempt occurred in the presence of the court.[1]

We conclude that the alleged misconduct of appellant, if contemptuous, was not within the immediate view and presence of the court, nor was it such that all of the facts constituting the offense were known to the court. The contempt, then, fell not within HRS § 710-1077(3)(a), but rather within § 710-1077(3)(b). Consequently, § 710-1077(5) acts as no bar to this appeal and jurisdiction properly lies. Appellant shall

---

[1] In In re Savin, 131 U.S. 267 (1888), an attempt of an attorney to bribe a witness in the hallway outside of the courtroom was held to be misbehavior in the presence of the court and punishable as contempt.

have 60 days to file an opening brief and briefing shall proceed thereafter as provided by rule.

*Joseph A. Ryan,* defendant-appellant pro se.

*James A. Nagle,* Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff-appellee.