GAYLA GOO GABRIEL, Plaintiff, *v.* LEONARD GABRIEL, Defendant, In re MAX NAKATA GARCIA, Real Party in Interest, Appellant

NO. 11711

(FC-D NO. 85-4192)

DECEMBER 2, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Appellant Max Nakata Garcia (Garcia), attorney for defendant-husband in a divorce proceeding, appeals his criminal contempt of court conviction. Finding that the family court violated Garcia's procedural due process right of sufficient notice of hearing, we vacate the judgment of criminal contempt.

I.

On November 19, 1985, plaintiff Gayla Goo Gabriel (Wife), represented by attorney John D. Himmelmann (Himmelmann), filed a complaint for divorce against defendant Leonard Gabriel (Husband). Appearing for Husband, Garcia filed an answer to the complaint.

On August 11, 1986, Wife filed a motion to compel discovery. Himmelmann's affidavit stated that on June 4, 1986, he had served copies of a request for production of documents and interrogatories on Garcia and Husband had not responded to the request and interrogatories. At the hearing of the motion on August 25, 1986, Himmelmann apprised District Family Court Judge Evelyn B. Lance that the purpose of the discovery was to obtain information relating to an alleged asset by way of investment in or loan to Bright Aviation, Inc. Garcia represented to the court that the only document his client had regarding Bright Aviation was a

September 23, 1983 letter[1] indicating a $5,000 "cash investment" in Bright Aviation, which Garcia had "provided to" Himmelmann. August 25, 1986 Transcript at 6, 7. Himmelmann denied that Garcia had provided him with the letter, stating that his own client had given him the document "back in January[.]" *Id.* at 10. At the close of the hearing, Judge Lance stated:

> The Court will order that the answers to interrogatories be provided on or before September 15th, 1986 at 4:00 p.m. and the Court will set a hearing on September 19th at 8:15 in the morning in regard to sanctions for any potential noncompliance with today's orders.
>
> At that hearing on September 19th, Mr. Garcia, you may show cause to this Court why you should not be found guilty of contempt of Court for telling the Court an untruth this morning.

*Id.* at 13-14.

On September 19, 1986, at 7:51 a.m. an "Order Re: Motion to Compel Discovery" was filed. That order included the following provisions:

IT IS HEREBY ORDERED THAT:

1. Plaintiff shall be entitled to subpoena directly from Bright Aviation, Inc. all documents related to the parties financial involvement therein and Defendant and/or his counsel shall be liable for costs.

2. Defendant shall serve Answers to First Request for Answers to Plaintiff's Interrogatories to Defendant Leonard Gabriel and First Request for Production of Documents and Things to Defendant Leonard Gabriel no later than 4:00 o'clock p.m., on September 15, 1986.

3. This matter shall come on for further hearing on September 19, 1986, at 8:15 a.m. for determination of the following:

    a. Sanctions for non-compliance, if any, of Orders 1 and 2 above.

---

[1] At the August 25, 1986 hearing, the document was referred to as the "letter dated September 23rd, 1983[.]" August 25, 1986 Transcript at 10. In the judgment of criminal contempt filed on October 6, 1986, the document is referred to as the "letter dated September 1, 1983[.]" Record at 102. Since the letter is not part of the record, we do not know which date is correct.

    b. Counsel for Defendant shall show cause why he should not be held in contempt of court for making a false statement to the court at the hearing on August 25, 1986, concerning Bright Aviation documents he allegedly provided to Plaintiff's counsel.

    c. The date on which Plaintiff's counsel served Defendant's counsel with a filed copy of the Motion to Compel Discovery, and sanctions against Defendant's counsel, if any, for not appearing for said Motion on time.

Record at 97.

Judge Lance presided at the September 19, 1986 hearing and examined both Himmelmann and Garcia.[2] Garcia was given full opportunity to explain the charges made against him. At the conclusion of the hearing, Judge Lance excused Garcia's late appearance at the August 25, 1986 hearing, but found him

in contempt of Court for failing to comply with a request for production of documents, for failing timely to submit interrogatories to his client for his client to respond to them and for actively misleading the Court at the hearing on August 25th, 1986 in regard to his conduct of the case.

September 19, 1986 Transcript at 18.

In its judgment of criminal contempt filed on October 6, 1986, the court concluded, *inter alia,* that:

Garcia is guilty of criminal contempt in violation of HRS Section 710-1077(1)(c) and (3)(b) based upon the following facts:

    1. Garcia failed to timely submit Plaintiff's First Request for Answers to Interrogatories sent to him on June 4, 1986 to his client for response.

    2. Garcia actively misled the Court at a hearing held on August 25, 1986 in regard to Plaintiff's Motion to Compel Discovery, by stating to the Court that he had provided to Plaintiff's attorney in response to Plaintiff's First Request for Production of Documents a letter dated September 1, 1983[3] regarding the value of Defendant's interest in Bright Aviation Corp. [sic],

---

[2] Neither Himmelmann nor Garcia was sworn as a witness.

[3] *See* note 1, *supra.*

when in fact Plaintiff's attorney had received the document from Plaintiff.

Record at 101-102.

Thereafter, Garcia timely appealed.[4]

## II.

Preliminarily, we note that in this jurisdiction there are two types of contempt of court, civil and criminal. *See Murray v. Murray,* 60 Haw. 160, 587 P.2d 1220 (1978); *Hawaii Pub. Employment Relations Bd. v. Hawaii State Teachers Ass'n,* 55 Haw. 386, 520 P.2d 422 (1974). Criminal contempt, in turn, may be classified as either summary (direct) contempt or constructive (indirect) contempt. Summary contempt occurs when "the offense [is] committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense[.]" Hawaii Revised Statutes (HRS) § 710-1077(3)(a) (1985). *See also In re Nam,* 65 Haw. 119, 648 P.2d 1101 (1982). Other contumacious offenses are deemed constructive criminal contempt. *See* HRS § 710-1077(3) (b) (1985); *State v. Ryan,* 59 Haw. 425, 583 P.2d 329 (1978); *In re Bettencourt,* 55 Haw. 430, 521 P.2d 668 (1974).

The parties concur that the alleged misconduct in this case constituted constructive criminal contempt, rather than summary criminal contempt. We agree. It appears that Judge Lance treated the constructive criminal contempt as a petty misdemeanor. *See* HRS § 710-1077(3) (b).

## III.

We start with the precept that "[c]riminal contempts are crimes and the accused is entitled to the benefit of all constitutional safeguards[.]" *Hawaii Pub. Employment Relations Bd. v. Hawaii State Teachers Ass'n,* 55 Haw. at 392, 520 P.2d at 426. Two of those safeguards are the procedural due process rights to reasonable notice and an opportunity to be heard. *Taylor v. Hayes,* 418 U.S.

---

[4] On November 21, 1986, Garcia withdrew as counsel for defendant-husband and was replaced by other counsel.

488, 94 S. Ct. 2697, 41 L. Ed. 2d 897 (1974); *Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516, 522 (9th Cir. 1983).

In proceedings for constructive criminal contempt,[5] "the alleged contemner must be given notice of the purpose of the hearing, including the nature of the acts of contempt that he is alleged to have committed." *People v. Razatos*, 699 P.2d 970, 974 (Colo. 1985). Moreover, procedural due process requires that the accused be accorded adequate notice of, and time to prepare for, a contempt hearing. *United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983), *cert. denied*, 467 U.S. 1227, 104 S. Ct. 2681, 81 L. Ed. 2d 877 (1984); *United States v. Hawkins*, 501 F.2d 1029, 1031 (9th Cir.), *cert. denied*, 419 U.S. 1079, 95 S. Ct. 668, 42 L. Ed. 2d 674 (1974).

Applying these standards to the facts of this case, we hold that Garcia's procedural due process right to sufficient notice was violated and the judgment of criminal contempt cannot be permitted to stand.[6]

## A.

The written notice of hearing containing the contempt charges against Garcia is contained in the September 19, 1986 order which was filed 24 minutes before the scheduled commencement of the contempt hearing. Clearly, this notice was insufficient for it failed to give Garcia a reasonable time to prepare for the hearing.

## B.

The statute provides that when an alleged constructive criminal contempt of court occurs and the court elects to treat it as a petty

---

[5] Procedural due process protections are excepted in summary criminal contempt proceedings since " 'instant action is necessary to protect the judicial institution itself.' " *Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516, 522 (9th Cir. 1983) (quoting *In re Gustafson*, 650 F.2d 1017, 1022 (9th Cir. 1981)).

However, even in a situation involving summary contempt, where the trial court postpones announcing the punishment for the offense that has occurred in its presence during trial, the contemner "should have reasonable notice of the specific charges and opportunity to be heard in his own behalf." *Taylor v. Hayes*, 418 U.S. 488, 499, 94 S. Ct. 2697, 2703, 41 L. Ed. 2d 897, 908 (1974).

[6] Since our holding on procedural due process grounds is dispositive of the appeal, we do not discuss the other issues raised by Garcia.

misdemeanor, "the court shall order the defendant to appear before it to answer a charge of criminal contempt of court[.]" HRS § 710-1077(3)(b). Although some jurisdictions have, by rule, permitted oral notice of the charges in a constructive contempt situation, *see e.g.* Rule 42(b), Federal Rules of Criminal Procedure, no such rule exists in this jurisdiction. *See* Hawaii Rules of Penal Procedure. In the absence of such a rule, it is our view that the order called for in HRS § 710-1077(3)(b) should be in the form of a written order to show cause served on the accused.

Assuming for discussion purposes, however, that Judge Lance's August 25, 1986 oral order constituted the order required under HRS § 710-1077(3)(b), that order was inadequate because it failed to give Garcia "notice of the specific charges[.]" *Taylor v. Hayes,* 418 U.S. at 499, 94 S. Ct. at 2703, 41 L. Ed. 2d at 908.

First, although Judge Lance found Garcia "guilty of criminal contempt in violation of HRS Section 710-1077(1)(c),"[7] Record at 101-102, there was no mention of that statute in the August 25, 1986 oral order.

Second, although in the judgment of criminal contempt Garcia was found to have "failed to timely submit [the interrogatories] . . . to his client for response," Record at 102, Judge Lance did not orally charge Garcia with criminal contempt in that regard. Judge Lance ordered Garcia to provide the answers to the interrogatories on or before September 15, 1986 and set the September 19, 1986 hearing "in regard to sanctions for any potential noncompliance with today's orders." August 25, 1986 Transcript at 13-14. At the August 25, 1986 hearing, Judge Lance used the term "contempt of Court" only with reference to "telling the Court an untruth this morning." *Id.* at 14. Nonetheless, in the October 6, 1986 judgment, Judge Lance found Garcia in contempt of court for both having actively misled the court and having failed to submit the interrogatories to his client in a timely manner.

---

[7] Hawaii Revised Statute § 710-1077(1)(c) (1985) provides:

(1) A person commits the offense of criminal contempt of court if:

\* \* \*

(c) As an attorney, clerk, or other officer of the court, he knowingly fails to perform or violates a duty of his office, or knowingly disobeys a lawful directive or order of a court[.]

Thus, the court failed to give Garcia adequate notice of the specific charges for which he was held in criminal contempt of court.

We therefore vacate the October 6, 1986 judgment of criminal contempt.

*Walter R. Schoettle* for appellant.

*Susan L. Gochros,* Deputy Attorney General, for Judge Evelyn B. Lance.