HENRY H. WONG and COLENE S. WONG, Plaintiffs and Counterclaim Defendants, v. NORMAN F. FRANK, Defendant and Counterclaimant, and COLIN K. FRANK, ROXANN FRANK, STEPHEN K. FRANK, and FRANCINE FRANK, Defendants (CIV. NO. 89–3117)

NORMAN F. FRANK, Plaintiff, v. HENRY HO WONG and COLENE SMITH WONG, husband and wife, individually and as tenants by the entirety, and as trustees, Defendants (CIV. NO. 89–1920)

HENRY WONG, Plaintiff and Counterclaim Defendant, v. NORMAN F. FRANK, Defendant and Counterclaimant, and COLENE SMITH WONG, Additional Counterclaim Defendant (CIV. NO. 89–0747)

**IN RE: GARY VICTOR DUBIN**, Appellant

NO. 15182

JUNE 24, 1992

BURNS, C.J., CIRCUIT JUDGE HEELY, IN PLACE OF HEEN, J., RECUSED, AND CIRCUIT JUDGE MILKS, ASSIGNED BY REASON OF VACANCY*

---

*Circuit Judge Milks was assigned to sit in the case prior to Watanabe, J. becoming a member of the Intermediate Court of Appeals.

*Per Curiam.* A circuit judge (Judge) of the First Circuit Court (Court) summarily sanctioned attorney Gary Victor Dubin (Appellant) for tardiness in his court appearances by imposing a fine of $500. Appellant appeals the Order for Payment of Monetary Sanction (Order), contending that the Judge improperly sanctioned Appellant. We agree and vacate the Order.

## I.

In the underlying consolidated cases of Civil Nos. 89–0747, 89–1920, and 89–3117, Appellant represented the Franks.[1] The

---

[1] In Civil No. 89–0747, Norman F. Frank was the defendant and counterclaimant. In Civil No. 89–1920, Norman F. Frank was the plaintiff. In Civil

trial of the consolidated cases commenced on January 10, 1991, before the Judge. On January 22, 1991, after the jury returned its verdict and the jurors were discharged, the Judge questioned Appellant about (1) his being inaccessible for about two hours after receipt of a jury communication that it had reached a verdict and (2) his being approximately twenty-five minutes late for the settlement of jury instructions. After listening to Appellant's excuses, the Judge imposed a monetary sanction of $500.

The Order filed on January 23, 1991, stated in relevant part as follows:

> Attorney Gary Dubin appeared approximately 25 minutes late for settling of jury instructions on Friday, January 18, 1991, having been advised by the court the day prior to leave home early to ensure his timely appearance. Attorney Gary Dubin was so advised by the court because of his consistent tardiness during the course of the trial for which no sanction was imposed. Attorney Gary Dubin also failed to comply with the court's order with respect to keeping court personnel informed of his whereabouts at all times during jury deliberations. Attempts to contact Mr. Dubin on Tuesday, January 22, 1991, commencing at approximately 1:50 p.m. concerning jury communication and subsequent jury verdict, were unsuccessful until approximately 3:40 p.m. when Mr. Dubin called the court. Attorney Gary Dubin's tardiness on both days was without proper excuse.

Civil No. 89–0747, Record at 3. The Order required payment of the $500 on or before January 30, 1991. The record discloses

---

No. 89–3117, Norman F. Frank, Colin K. Frank, Roxann Frank, Stephen K. Frank, and Francine Frank were the defendants and Norman F. Frank was the counterclaimant.

Appellant's payment of $500 under protest to the clerk of the Court on January 30, 1991, in order to comply with the Order.

Thereafter, Appellant timely appealed.[2]

## II.

The Judge failed to indicate under what authority he imposed the $500 monetary sanction on Appellant. In our view, the Judge may have imposed the sanction pursuant to (A) his contempt powers under Hawai'i Revised Statutes (HRS) § 710–1077(3) (1985); (B) Rules of the Circuit Courts (RCC), Rule 15(b); or (C) the court's inherent powers under HRS § 603–21.9(6) (1985).

### A.

Appellant contends that the Judge resorted to his contempt powers under HRS § 710–1077(3)[3] to sanction Appellant for tardiness in court appearances. Appellant argues, however, that the Judge improperly convicted Appellant of criminal contempt of

---

[2] Initially, no brief was filed on behalf of the circuit judge (Judge) who imposed the sanction. Subsequently, the Department of the Attorney General submitted an answering brief for the Judge.

[3] Hawai'i Revised Statutes (HRS) § 710–1077(3) (1985) provides as follows:

(3) The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:

(a) If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition; and

(b) If the offense was not committed in the immediate view and presence of the court, nor under such circumstances that the court has knowledge of all of the facts constituting the offense, the court shall order the defendant to appear before it to answer a charge of criminal contempt of court; the trial, if any, upon the charge shall be by the court without a jury; and proof of guilt beyond a reasonable doubt shall be required for conviction.

court as direct contempt, because the alleged offense constituted indirect contempt.

### 1.

If the Judge exercised his contempt powers, as Appellant contends, we *sua sponte* raise the issue of whether Appellant has standing to institute this appeal.

HRS § 710–1077(1) (Supp. 1990) sets forth various actions and inactions which constitute the offense of criminal contempt of court. The subsection applicable to the alleged misconduct of Appellant is HRS § 710–1077(1)(c) which reads:

> A person commits the offense of criminal contempt of court if:
>
> * * *
>
> (c) As an attorney, clerk, or other officer of the court, the person knowingly fails to perform or violates a duty of the person's office, or knowingly disobeys a lawful directive or order of a court[.]

HRS § 710–1077(3)[4] permits the court to treat an offense under subsection (1) as a petty misdemeanor. Under such circumstances, if the offense is a direct contempt, the court "may order summary conviction and disposition." HRS § 710–1077(3)(a). However, if the offense constitutes indirect contempt, the alleged contemnor is entitled to be properly charged and tried by the court without a jury. HRS § 710–1077(3)(b).

HRS § 710–1077(5) (1985) then provides in relevant part as follows:

> A judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be

---

[4] *See supra* note 1.

subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review.

All other judgments, sentences, or commitments for criminal contempt of court shall be subject to review by appeal, in a proceeding for an appropriate extraordinary writ, or in a special proceeding for review.

Appellant contends, in essence, that the Court treated Appellant's alleged offense as a petty misdemeanor and summarily convicted him. If the Court issued the Order pursuant to HRS § 710–1077(3)(a), Appellant has no standing to appeal. *State v. Ryan*, 59 Haw. 425, 583 P.2d 329 (1978); *In re Bettencourt*, 55 Haw. 430, 521 P.2d 668 (1974). Appellant's recourse for appellate review of the Order is only by way of an extraordinary writ or in a special proceeding, which Appellant did not resort to.

However, if the alleged offense "was not one for which summary conviction and disposition could be ordered [pursuant to HRS § 710–1077(3)(a)]," *Ryan*, 59 Haw. at 425, 583 P.2d at 330, but fell "within the provisions of [HRS § 710–1077(3)(b)]," *Bettencourt*, 55 Haw. at 438, 521 P.2d at 673, Appellant may appeal from the Order, and we have appellate jurisdiction.

Thus, the crucial issue is whether Appellant's alleged misconduct constituted an offense under subsection (3)(a) or subsection (3)(b) of HRS § 710–1077. We discuss this issue in Part II. A. 2, *infra*.

## 2.

There are two types of criminal contempt: (1) direct or summary contempt and (2) indirect or constructive contempt. *Gabriel v. Gabriel*, 7 Haw. App. 95, 99, 746 P.2d 574, 577 (1987). Direct contempt occurs when the offense is "committed in the immediate view and presence of the court [or] committed under such circumstances that the court [has] knowledge of all the facts constituting the offense," as set forth in HRS § 710–1077(3)(a). *Ryan*, 59 Haw.

at 428, 583 P.2d at 331. Other contumacious offenses constitute indirect or constructive criminal contempt under HRS § 710–1077(3)(b).

The supreme court has held that a failure of an attorney to appear at a scheduled court hearing is not "an offense committed in the immediate view and presence of the court." *Ryan*, 59 Haw. at 428, 583 P.2d at 332. Consequently, that offense is not a direct contempt under HRS § 710–1077(3)(a). *See also State v. Brown*, 70 Haw. 459, 776 P.2d 1182 (1989) (a defendant's failure to appear at a scheduled court hearing). Consequently, a failure to appear at a scheduled court hearing is not a direct contempt under subsection (3)(a) of HRS § 710–1077, but an indirect contempt under subsection (3)(b).

Whether the offense of tardiness in court appearances constitutes "direct" or "indirect" criminal contempt of court, however, is an issue of first impression in this jurisdiction.

The reported cases of other jurisdictions are in conflict on this issue. Courts of some jurisdictions hold that such offense constitutes "direct" contempt, other courts view such offense as "indirect" contempt, and a few courts describe such offense as "a hybrid form of contempt." Annotation, *Attorney's Failure to Attend Court, or Tardiness, as Contempt*, 13 A.L.R. 4th 122, 159–71 (1982). *See also* 17 Am. Jur. 2d *Contempt* § 18 (1990). The Supreme Court of Wisconsin observed that the majority of state and federal courts that have addressed the issue have held that "such conduct [being tardy for or completely absent from a scheduled court proceeding] does not occur in the actual presence of the court." *Matter of Contempt in the Interest of M. P.*, 154 Wis. 2d 1, 13, 452 N.W.2d 354, 358 (1990) (footnote omitted).

Based on the analysis and reasoning in *Ryan*, we conclude that tardiness in appearing in court constitutes indirect contempt and is an offense subject to the proceedings under HRS § 710–1077(3)(b).

In *Ryan*, a district judge summarily convicted the defendant's attorney of criminal contempt of court for failure to appear at a court hearing. There, the issue was whether the conviction was under subsection (3)(a) or (3)(b) of HRS § 710–1077. In holding that the offense in question was not under subsection (3)(a), the supreme court reasoned:

> All of the offenses described in subsection (1) of the statute [HRS § 710–1077] require a degree of scienter and in order to have knowledge of all the facts constituting the offense it was necessary for the court to have knowledge that the offense was committed recklessly, knowingly, intentionally or with intent to interrupt the court's proceeding, depending upon the clause of subsection (1) which the court deemed to be involved. It does not appear from the record that the court had knowledge of appellant's state of mind in committing the offense, except to the extent disclosed by appellant's statements to the court at the time of summary conviction. The mere fact of appellant's absence, which was within the knowledge of the court, was not sufficient to enable it to infer the intent with which appellant absented himself.

59 Haw. at 428–29, 583 P.2d at 332.

The alleged offense in the case at bar is Appellant's *knowing* failure to perform or violation of a duty as an attorney and officer of the court or his *knowing* disobedience of the court's lawful directive or order. HRS § 710–1077(1)(c). Thus, as in *Ryan*, it was incumbent upon the Judge to have knowledge that Appellant knowingly committed the HRS § 710–1077(1)(c) offense. Also, as in *Ryan*, the Judge had no knowledge of Appellant's state of mind when Appellant committed the offense, other than what was disclosed by Appellant at the time of his summary conviction. Consequently, Appellant's alleged offense constituted indirect contempt subject to the proceedings under HRS § 710–1077(3)(b). *See In re*

*Allis*, 531 F.2d 1391, 1392 (9th Cir.), *cert. denied*, 429 U.S. 900, 97 S. Ct. 267, 50 L. Ed. 2d 185 (1976) (Tardiness "alone is not contempt. The reasons for the default are important."); *People v. Mann*, 122 Ill. App. 3d 66, 460 N.E.2d 778 (1984) (tardiness is indirect contempt of court); *Matter of Contempt in Interest of M.P.*, *supra* (it is improper to use summary contempt procedure to sanction an attorney for tardiness).

### 3.

Based on the foregoing discussion, we conclude that Appellant's alleged offenses of tardiness under HRS § 710–1077(1)(c) constituted indirect contempt of court subject, as a petty misdemeanor, to the procedures under HRS § 710–1077(3)(b) and not summary conviction under HRS § 710–1077(3)(a). Because the alleged offenses were not subject to summary conviction and disposition under HRS § 710–1077(3)(a), Appellant has standing to bring this appeal.

If the Judge imposed the $500 sanction under his contempt powers, the Judge improperly convicted Appellant of indirect contempt under HRS § 710–1077(3)(a).

### B.

The Judge ordered the attorneys to appear in court at 8:00 a.m. on January 18, 1991, to settle jury instructions. Appellant appeared at 8:25 a.m. The Judge could have sanctioned Appellant for infraction of his order under the authority of RCC Rule 15(b) which provides:

> **Effect of Failure to Appear.** An attorney who, without just cause, fails to appear when his case is before the court on a call or motion or on pretrial or trial, or unjustifiably fails to prepare for a presentation to the court necessitating a continuance, may be subject to such discipline as the court deems appropriate.

Although RCC Rule 15(b) is couched in terms of "failure to appear," the rule is not limited to a situation where the attorney fails to appear at all. RCC Rule 15 is captioned "EXPEDITION OF COURT BUSINESS." Consequently, the rule seeks to have attorneys appear in court at the appointed time and, therefore, covers tardy court appearances.

An attorney who violates RCC Rule 15(b) may be subjected to "such discipline as the court deems appropriate." Under such authority, a monetary penalty is an appropriate sanction against an infracting attorney. *See Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516 (9th Cir. 1983) (monetary sanction imposed on attorneys for noncompliance with local rules).

Accordingly, we conclude that the Judge could have imposed a monetary sanction under RCC Rule 15(b) for Appellant's tardy appearance at the appointed time set for settlement of jury instructions, if such tardiness was without just cause.

## C.

After the case went to the jury, the Judge instructed the attorneys to keep the court personnel apprised of their whereabouts at all times during jury deliberation. However, on January 22, 1991, the court attempted to contact appellant concerning a jury communication and subsequent jury verdict from about 1:50 p.m. to about 3:40 p.m., when Appellant called the court. Appellant finally appeared in court at about 4:00 p.m.

The foregoing alleged misconduct of Appellant was beyond the reach of RCC Rule 15(b) because no appointed time was set by the Judge for Appellant's appearance in court. However, the Judge could have sanctioned Appellant for such conduct pursuant to HRS § 603–21.9(6) (1985),[5] which is "a legislative restatement of the

---

[5] HRS § 603–21.9(6) (1985) provides that the circuit courts shall have power

 (6) To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and

inherent powers doctrine[.]" *Kukui Nuts of Hawai'i, Inc. v. R. Baird & Co.*, 6 Haw. App. 431, 438, 726 P.2d 268, 272 (1986).

"Inherent powers" include "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734, 738 (1962) (footnote omitted). Thus, a court has inherent powers (1) to impose a sanction of attorney's fees on a party for "abusive litigation practices," *Kukui Nuts*, 6 Haw. App. at 436, 726 P.2d at 272; (2) to sanction an attorney personally by ordering him to pay costs and attorney's fees to opposing counsel for bad faith failure to appear at a hearing, *Nakata v. Nakata*, 7 Haw. App. 636, 793 P.2d 1219 (1990); and (3) to sanction an attorney personally by imposition of a fine, in lieu of dismissal of the case, for want of prosecution. *Phillips v. Brisebois*, 72 Haw. 146, 808 P.2d 370 (1991).

Accordingly, we conclude that the Judge could have imposed a monetary sanction under the court's inherent powers for Appellant's alleged noncompliance with the Judge's instruction after the case went to the jury.

We also note that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, ___, 111 S. Ct. 2123, 2135, 115 L. Ed. 2d 27, 47 (1991). Our supreme court has held that a trial court may, under its inherent powers, sanction an attorney, even when RCC Rule 12(b)(6) dealt with the same deficient conduct in question. *Phillips, supra.* Thus, the Judge may have sanctioned Appellant for violation of RCC Rule 15(b) under the court's inherent powers.

---

take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

### III.

Appellant does not dispute the inherent powers of the court, but contends that the Judge exercised his powers in "a capricious manner." Appellant argues that the Judge deprived him of his procedural due process rights of adequate prior notice and a reasonable opportunity to be heard. We agree.

The Supreme Court cautions that "[b]ecause inherent powers are shielded from democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488, 500 (1980). "A court must . . . exercise caution in invoking its inherent power, and it must comply with the mandates of due process[.]" *Chambers*, 501 U.S. at ____, 111 S. Ct. at 2136, 115 L. Ed. 2d at 48. Due process entails "prior notice and some occasion to respond." *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 570 (3d Cir. 1985). Also, "by providing a record, a hearing will facilitate appellate review." *Id.*

With respect to RCC Rule 15(b), it expressly provides that the attorney's failure to appear must be "without just cause." Due process requires prior notice and a hearing so that an attorney charged with a violation of RCC Rule 15(b) may prepare and have an opportunity to show that his failure to appear at the appointed time was not "without just cause."

Here, the record indicates that immediately after the jurors were discharged, the Judge brought up the matter of Appellant's tardiness in court appearances for the jury verdict and for the settlement of jury instructions. Thereafter, a short colloquy between the Judge and Appellant occurred. Appellant indicated he had an excuse for his tardiness. Upon completion of the colloquy, the Judge orally imposed the $500 monetary sanction.[6]

---

[6] The transcript of the colloquy consists of but two typewritten double–spaced letter–sized sheets.

Clearly, the Judge deprived Appellant of his procedural due process right of adequate prior notice and a reasonable opportunity to be heard. Appellant had no opportunity to prepare for his defense and present witnesses on his behalf.[7]

## IV.

Based on the foregoing discussion, we conclude as follows:

1. If the Judge sanctioned Appellant under HRS § 710–1077(3), the Judge improperly convicted Appellant of indirect contempt under HRS § 710–1077(3)(a) because the alleged offense was subject to the procedures under HRS § 710–1077(3)(b).

2. If the Judge sanctioned Appellant pursuant to RCC Rule 15(b) or under the court's inherent powers pursuant to HRS § 603–21.9(6), the Judge violated Appellant's procedural due process rights of adequate prior notice and a reasonable opportunity to be heard.

3. Consequently, the Order must be vacated, the case remanded for further proceedings and with instructions that the $500 paid into Court by Appellant be reimbursed to him.

The September 23, 1991 Order for Payment of Monetary Sanction is vacated and the case remanded for further proceedings consistent with this opinion.

*Gary Victor Dubin*, pro se, on the briefs for appellant.

*Celia L. Jacoby* and *Charleen M. Aina*, Deputy Attorneys General, State of Hawai'i, on the brief for appellee Judge.

---

[7] The record indicates that the driver of Appellant's office limousine was a witness regarding the tardiness in question.