989 P.2d 262

STATE of Hawai'i, Plaintiff–Appellee,

v.

Michael C. TIERNEY, Defendant–
Appellant

No. 22579.

Supreme Court of Hawai'i.

Nov. 29, 1999.

Michael Tierney, defendant-appellant, on the briefs, appearing pro se.

Alexa D.M. Fujise, Deputy Prosecuting Attorney, on the briefs, for plaintiff-appellee.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

PER CURIAM.

Defendant-appellant Michael Tierney, appearing pro se, appeals from his conviction of and sentence for criminal contempt, a petty misdemeanor, in violation of Hawai'i Revised Statutes (HRS) § 710–1077 (1993).[1] On appeal, Tierney contends that he was denied his right to trial by jury when the district court summarily convicted and sentenced him for criminal contempt. We dismiss Tierney's appeal for lack of jurisdiction.

## I. BACKGROUND

On May 19, 1999, Tierney appeared in the District Court of the First Circuit to address "some traffic tickets." At the prosecution's request, the district court judge granted a continuance, at which time Tierney objected and demanded his "speedy trial by jury." After the continuance had been granted, Tierney engaged in "inappropriate and disre-

---

1. HRS § 710–1077 provides in relevant part:
   (1) A person commits the offense of criminal contempt of court if:
   (a) The person recklessly engages in disorderly or contemptuous behavior, committed during the sitting of a court in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due to its authority;
   . . . .
   (3) The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:
   (b) If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition;

. . . .
(5) Whenever any person is convicted of criminal contempt of court or sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment. In any proceeding for review of the judgment, sentence, or commitment, no presumption of law shall be made in support of the jurisdiction to render the judgment, pronounce the sentence, or order the commitment. A judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review.
. . . .

spectful behavior" at counsel's table. The judge warned Tierney to cease his behavior or be found in contempt of court. Then, while seated in the front row waiting for his disposition slips, Tierney inserted his finger into his nose, removed his finger, and flicked his finger in the direction of the judge, all while looking directly at her.

The district court immediately proceeded with criminal contempt proceedings against Tierney pursuant to HRS § 710–1077(3)(a). Based upon the aforementioned conduct, the district court found that Tierney "recklessly engaged in disorderly and contemptuous behavior, committed during the sitting of a court in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due to its authority" and adjudged him guilty of the petty misdemeanor offense of contempt of court, in violation of HRS § 710–1077(1)(a). The district court then sentenced Tierney to forty-eight hours in jail.

Tierney, however, without providing a transcript of the proceedings, contends that the district court judge never ordered him to stop picking his nose and appears to contend that he never flicked his finger in the direction of the judge.

Tierney now appeals his conviction.

## II. *DISCUSSION*

■ Tierney's judgment and conviction of contempt of court falls within the provision of HRS § 710–1077(3)(a). Tierney's "inappropriate and disrespectful" conduct, upon which the contempt is based, was committed within the immediate view and presence of the court and under such circumstances that the court had knowledge of all the facts constituting the offense as required by HRS § 710–1077(3)(a). *See Gabriel v. Gabriel,* 7 Haw. App. 95, 99, 746 P.2d 574, 577 (1987) ("Summary contempt occurs when 'the offense [is] committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense[.]'" (Brackets in the original.)); *State v. Ryan,* 59 Haw. 425, 427–28, 583 P.2d 329, 331–32 (1978) (If the offense was not committed in

the immediate view of the court nor committed under such circumstances that the court had knowledge of all the facts constituting the offense, the conviction must be regarded as under HRS § 710–1077(3)(b)). Accordingly, the district court convicted and sentenced Tierney pursuant to HRS § 710–1077(3)(a).

■ HRS § 710–1077(5) governs the procedures for an appeal of a conviction of criminal contempt, pursuant to HRS § 710–1077(3)(a), as follows: *"A judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review."* (Emphasis added.) Inasmuch as Tierney was appropriately convicted of and sentenced for criminal contempt under subsection (3)(a), HRS § 710–1077(5) requires that Tierney seek review in a proceeding for an extraordinary writ or special proceeding for review. *See In re Dubin,* 9 Haw.App. 249, 255, 833 P.2d 85, 89 (1992) (If convicted pursuant to HRS § 710–1077(3)(a), defendant has no right to direct appeal.), *cert. denied,* 73 Haw. 627, 834 P.2d 1315 (1992); *cf. In re Bettencourt,* 55 Haw. 430, 437–38, 521 P.2d 668, 672–73 (1974) (Defendant may seek direct appeal of his contempt of court conviction pursuant to HRS § 710–1077(3)(b), rather than—1077(3)(a)).

## III. *CONCLUSION*

For the aforementioned reason, we dismiss Tierney's appeal for lack of appellate jurisdiction.