LAMAI NAKATA, Plaintiff-Appellee, *v.* DOUGLAS NAKATA, Defendant-Appellant

NO. 14144

(FC-D NO. 89-163)

MAY 3, 1990

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Stuart H. Oda (Oda), counsel for defendant Douglas Nakata (Husband), appeals the part of the family court's September 25, 1989 "Order on Motion for Reconsideration" that ordered Oda "to pay to counsel for [Lamai Nakata (Wife)] as and for attorney's fees and costs for preparing and obtaining the temporary support orders the amount of $500.00." We vacate the above-quoted part of the September 25, 1989 order and remand for further proceedings consistent with this opinion.

### APPELLATE JURISDICTION

An order awarding attorney fees is an appealable collateral order. *Booker v. Midpac Lumber Co., Ltd.*, 2 Haw. App. 569, 571, 636

P.2d 1359, 1362 (1981), *rev'd on other grounds*, 65 Haw. 166, 649 P.2d 376 (1982). Therefore, we have appellate jurisdiction.

## FACTS

Husband and Wife were married on December 1, 1980. Wife filed her complaint for divorce on June 23, 1989. Oda, representing Husband, filed an answer to the complaint on July 25, 1989.

On August 4, 1989 Wife filed a "Motion and Affidavit for Temporary Relief", asking for spousal support of $700.00 per month; $750.00 attorney fees and costs; and an order restraining property disposition. She represented to the court that she had only a fourth-grade education, had not worked during the marriage, and had limited employment skills, but had started a part-time cleaning job at $5.00 per hour, grossing $400.00 per month.

By letter dated August 3, 1989, Oda wrote to Victor M. Cox (Cox), Wife's counsel, in relevant part, as follows:

> I received your letter and a copy of the Motion for Temporary Spousal Support on Wednesday, August 2, 1989.

> First of all, I will not be available for the hearing which you scheduled for August 10, 1989 since I will be on vacation until August 28. I would appreciate it if you would continue the hearing until after I return.

By letter dated August 8, 1989, Oda's secretary wrote to Judge Chillingworth, in relevant part, as follows: "I have been instructed by Mr. Oda to continue any motions that may come up during his absence, and since Mr. Cox has informed me that he is unwilling to continue the hearing, I am respectfully requesting that the above Motion be continued until after August 28, 1989."

The August 10, 1989 hearing occurred as scheduled, without the presence of Oda and Husband. The clerk's minutes state, in relevant part, as follows:

> OTHER MATTERS: Letter from Mr. Oda's secretary received by Court. Motion for Temporary Relief continued by Court. Court ordered that pending the next scheduled hearing [Husband] to make temporary spousal support payments of $400.00 a month starting August 1, 1989 for 30 days or until the next hearing. ($400 in addition to the car payments.) Mr.

Cox to confer with Mr. Oda when he returns from vacation and the Court will schedule a hearing on short notice.

On August 16, 1989 a motion for reconsideration was filed. Oda made this motion for Husband, but it was signed for Oda by a fellow attorney. It stated, in relevant part, as follows: "This motion is based upon the fact that neither [Husband] nor [Husband's] counsel was present at the said hearing because of said counsel's personal vacation thereby not being available to put on appropriate evidence on behalf of [Husband]."

The "Order on Motion for Reconsideration" was filed on September 25, 1989. It noted that, upon reconsideration, Judge Chillingworth decided not to change his August 10, 1989 decision. It ordered, in relevant part, as follows:

3. Counsel for [Husband] shall pay to counsel for the [Wife] as and for attorney's fees and costs for preparing and obtaining the temporary support orders the amount of $500.00.

4. All other issues, including additional attorney's fees and costs, are reserved until the trial or further hearing.

## DISCUSSION

A court cannot assess costs or attorney fees in the absence of a statute, rule, agreement, or case law. The first issue is whether case law permits the assessment of one party's attorney fees against the other party whose bad faith actions generated the attorney fees. Our answer is yes. This is the question that we left open in *Hawaiian Trust Company v. Hogan*, 1 Haw. App. 560, 623 P.2d 450 (1981), but answered affirmatively in *Kukui Nuts of Hawaii, Inc. v. R. Baird Co., Inc.*, 6 Haw. App. 431, 726 P.2d 268 (1986).

The second issue is whether a court can order defendant's counsel to pay the plaintiff's costs and attorney fees caused by defendant's counsel's bad faith actions. Our answer is yes. We agree with *Winters v. Oklahoma City*, 740 P.2d 724 (Okl. 1987), that a trial court, in the exercise of its inherent equitable powers, after giving fair notice and an opportunity to be heard, can tax against one party's counsel all of the opposing party's reasonably incurred costs and attorney fees generated by counsel's bad faith actions.

The third issue is whether Oda was given fair notice and an opportunity to be heard. Our answer is no. Nothing in the record shows that the family court notified Oda that it was considering requiring Oda to pay the attorney fees and costs incurred by Wife as a result of his unexcused absence from the August 10, 1989 hearing.

The fourth issue is whether there is sufficient evidence on the record to support a decision that Oda acted in bad faith. Our answer is yes. Scheduled vacations do not have priority over properly scheduled court hearings. This rule applies to parties and counsel for parties. Until the family court excused his appearance, Oda was required to appear in person, or by qualified substitute, at the August 10, 1989 hearing.

The fifth issue is whether the family court decided that Oda acted in bad faith. Our answer is that the family court did not expressly make such a decision.

The sixth issue is whether there is sufficient evidence on the record to support a decision that Wife reasonably incurred $500.00 attorney fees and costs as a consequence of Oda's unexcused absence at the August 10, 1989 hearing. Our answer is no. There is no evidence on the record on that issue.

## CONCLUSION

Accordingly, we vacate the part of the family court's September 25, 1989 "Order on Motion for Reconsideration" that ordered Stuart H. Oda, counsel for defendant, to pay $500.00 to counsel for plaintiff as and for attorney's fees and costs. We remand for further proceedings consistent with this opinion.

*Stuart H. Oda*, on the briefs, for defendant-appellant.

*Victor M. Cox (Gallup & Van Pernis)*, on the brief, for plaintiff-appellee.