HENRIETTA PHILLIPS, Plaintiff–Appellant, v. JEFFREY P. BRISEBOIS, BRYSONE K. NISHIMOTO, R. ELECTRIC, INC., a corporation, CITIZENS UTILITIES COMPANY, a Hawaii corporation, and CHRISTINE BRYAN, Defendants–Appellants

NO. 14496

(CIV. NO. 88–0043)

APRIL 12, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

**Per Curiam.** This court is asked to examine a dismissal with prejudice granted by the circuit court pursuant to Rule 12(b)(6) of the Rules of the Circuit Courts of the State of Hawaii. As such a sanction appears to be too severe under the circumstances, we reverse and remand.

## I.

Appellant Henrietta Phillips is the owner of a land–locked parcel. Appellee Jeffrey P. Brisebois[1] is the owner of an adjacent land–locked parcel. Both parcels are accessed by various easements. The parties are in dispute about exactly where the easements lie, and what rights and uses are appropriate.

Appellant filed her complaint disputing the use and rights of those various easements in March, 1988. From that time until November, 1988, answers, two cross–claims, various discovery documents and withdrawal of Brisebois' counsel were filed with the court. Nothing further appears in the court docket until March, 1990, when the court gave notice of its intent to dismiss with prejudice pursuant to Rule 12(b)(6) which states:

> **Dismissal for Want of Prosecution.** Where no statement of readiness has been filed within one year after a complaint has been filed . . . , the clerk shall notify in writing all parties affected thereby that the case will be dismissed for want of prosecution unless objections thereto showing good cause (specific reasons) are filed within 10 days after receipt of such notice. . . . Where objections are filed within said 10–day period or any extension granted by the court, *the court shall hear said objections upon notice and determine whether the case should be dismissed.*

Rule 12(b)(6) of the Rules of the Circuit Courts of the State of Hawaii (emphasis added). Appellant filed timely written opposition, and the court heard oral argument. Despite Appellant's opposition the court entered the dismissal with prejudice.

---

[1] Several other defendants were named in the original suit and are nominally appellees at this time. However, the major dispute is between Appellant and Brisebois, and that analysis is dispositive of the action at this time. Therefore, we need not address the other parties.

## II.

The issue which faces this court is whether it was an abuse of discretion for the circuit court to dismiss the suit.

> [A] dismissal of a complaint is such a severe sanction that it is to be used only in extreme circumstances when there is a "clear record of delay or contumacious conduct . . . and where lesser sanctions would not serve the best interests of justice."

*Bagalay v. Lahaina Restoration Found.*, 60 Haw. 125, 132, 588 P.2d 416, 422 (1978) (citations omitted). We note, first of all, that in *Bagalay*, the court dismissed for lack of prosecution under former Circuit Court Rule 12(f), now Rule 12(a)(17) of the Circuit Court Rules. In this case the sanction of dismissal was imposed under Circuit Court Rule 12(b)(6); nevertheless, Rule 12(b)(6) dismissal is subject to the same analysis as in *Bagalay*.

We further note in the instant case, that there was a substantial amount of time during which the court was not informed of any progress in this litigation. There is some evidence, albeit not an overabundance, that Appellant was negotiating with Brisebois during this period. Brisebois claims that he was prejudiced by the delay. The record on this allegation is not particularly enlightening, thus it is difficult to determine how much weight to give to his claim. Looking at all of the facts available, however, we are convinced that the dispute over the easements and other claims would continue even if we affirmed the dismissal. Appellant would be seriously affected and left without legal remedy to solve the land issues. Therefore, we hold that dismissal was too severe a sanction for the amount of delay, and reverse.

## III.

As we are convinced that the delay and ensuing appeal were caused by Appellant's attorney, we are remanding with

instructions to the trial court to sanction Appellant's attorney personally, by imposing a fine which should include a requirement that he pay Appellees their costs and attorneys' fees to defend this appeal. It is within the inherent power of the trial court to impose such a sanction in lieu of a dismissal with prejudice. *Winters v. Oklahoma City*, 740 P.2d 724 (Okla. 1987); *Nakata v. Nakata*, 7 Haw. App. 636, 793 P.2d 1219 (1990). Upon remand, the trial court shall determine the respective amounts to be determined after a hearing.

Reversed and remanded for proceedings consistent with this opinion.

*Arthur K. Trask, Jr.* for Plaintiff–Appellant.

*Joseph N. Kobayashi*, attorney of record for Defendant–Appellee Nishimoto; no brief filed; supported Plaintiff–Appellant's position.

*Brian R. Jenkins* (Rush Moore Craven Sutton Morry & Beh, of counsel) for Defendant–Appellee Brisebois.
Joinder in Answering Brief of Defendant–Appellee Brisebois: *Robby H. Rask* for Defendant–Appellee R. Electric, Inc.

*Alan M. Oshima* (Kiefer, Oshima, Chun, Fong & Chung, of counsel) attorney of record for Defendant–Appellee Citizens Utilities Co.; no brief filed.