**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000750
23-MAY-2023
07:51 AM
Dkt. 91 SO**

NOS. CAAP-17-0000750 and CAAP-18-0000092
(Consolidated under CAAP-17-0000750)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-17-0000750**
DAVID BRADLEY EISENBREY, Plaintiff-Appellee v.
KATHLEEN ANN EISENBREY, Defendant-Appellant

and

**CAAP-18-0000092**
DAVID BRADLEY EISENBREY, Plaintiff-Appellee v.
KATHLEEN ANN EISENBREY, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. FC-M No. 15-1-0005)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant **Kathleen** Ann Eisenbrey appeals from
a number of orders entered by the Family Court of the First
Circuit.[1] In CAAP-17-0000750, we have jurisdiction over
Kathleen's appeal from the order granting Plaintiff-Appellee
**David** Bradley Eisenbrey's motion to expunge lis pendens, entered
on July 12, 2017 (**Order Expunging Lis Pendens**), and the order
awarding David attorney's fees and costs, entered on
September 26, 2017 (**Order Awarding Fees and Costs**). In CAAP-18-
0000092, we have jurisdiction over Kathleen's appeal from the

---

[1] The Honorable Gale L.F. Ching presided.

order denying her December 1, 2017 Hawaiʻi Family Court Rules (**HFCR**) Rule 60(b) motion, entered on February 9, 2018 (**Order Denying Rule 60(b) Motion**).  We consolidated the appeals.

For the reasons explained below, we dismiss Kathleen's appeal from the Order Expunging Lis Pendens; affirm in part and vacate in part the Order Awarding Fees and Costs, and remand to the family court for redetermination or clarification; and affirm the Order Denying Rule 60(b) Motion.

David and Kathleen were married.  They were divorced in Michigan.  David initiated the action below by filing an exemplified copy of the Michigan **Divorce Decree** with the family court pursuant to Hawaii Revised Statute (**HRS**) § 636C-3.[2]

David and Kathleen owned real property in Kailua, Hawaiʻi (the **Kailua Property**).  The Divorce Decree provided:

> IT IS FURTHER ORDERED AND ADJUDGED that the [Kailua Property] shall be sold at a price mutually agreed upon.  If the parties do not agree to a sales price then the parties agree to accept as the sales price the amount recommended by the listing agent.  Any proceeds from the sale will be retained by [Kathleen].
>
> IT IS FURTHER ORDERED AND ADJUDGED that until the [Kailua Property] is sold, [Kathleen] shall be entitled to exclusive use of this property, subject to [Kathleen] paying all utilities, maintenance and upkeep of the parties.  The monthly mortgage installments that include real property taxes and insurance paid to Wells Fargo Mortgage shall be paid equally by [David] and [Kathleen] in the same manner as past practice.
>
> IT IS FURTHER ORDERED AND ADJUDGED that until sold, the parties shall maintain ownership of this property, by Quit Claim Deed, as Tenants in common.

David moved for "[a]n order that the Kailua [P]roperty be sold immediately, as set out in the Divorce Decree filed herein, to avoid foreclosure, and that the amounts that [David] has paid to maintain the property that were ordered to be paid by [Kathleen] be reimbursed to him out of the proceeds of the sale

---

[2]     The statute is part of the Hawaiʻi Uniform Enforcement of Foreign Judgments Act.

before they are distributed."  The family court granted David's motion.

Kathleen refused to comply with the order.  David filed a motion to enforce the order, in which he requested an award of attorney's fees.  The family court granted David's motion to enforce.

Kathleen filed a notice of lis pendens on May 23, 2017.  The lis pendens was recorded in the Bureau of Conveyances on May 24, 2017.  David filed a motion to expunge the lis pendens.  The Order Expunging Lis Pendens was entered on July 12, 2017.  The Order Awarding Fees and Costs was entered on September 26, 2017.  Kathleen also filed a motion for relief under HFCR Rule 60(b) (**Rule 60(b) Motion**).  The Order Denying Rule 60(b) Motion was entered on February 9, 2018.  These appeals followed.[3]

Kathleen contends that the family court erred by: **(1)** granting David's motion to expunge lis pendens; **(2)** awarding David attorney's fees and costs incurred on his motion to expunge; and **(3)** denying Kathleen's Rule 60(b) Motion.

**(1)**  The record indicates that the Kailua Property was sold and the proceeds distributed in 2017.  The sale renders the appeal from the Order Expunging Lis Pendens moot.  Lathrop v. Sakatani, 111 Hawaiʻi 307, 313, 141 P.3d 480, 486 (2006).  None of the recognized exceptions to the mootness doctrine apply here. See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5-11, 193 P.3d 839, 843-49  (2008) (discussing the "capable of repetition, yet evading review" and "public interest" exceptions and adopting the "collateral consequences" exception).  Accordingly, we dismiss Kathleen's appeal from the Order Expunging Lis Pendens as moot.

**(2)**  Although Kathleen's appeal from the Order Expunging Lis Pendens is moot, her appeal from the Order Awarding

---

[3]     Kathleen has taken two other appeals from the case below, which have been dismissed.  See Order Dismissing the Appeal, Eisenbrey v. Eisenbrey, No. CAAP-16-0000638 (Haw. App. Mar. 14, 2017), JIMS No. 30; Order Dismissing Appeal, Eisenbrey v. Eisenbrey, No. CAAP-17-0000444 (Haw. App. Oct. 11, 2017), JIMS No. 20.

Fees and Costs is not.  Queen Emma Found. v. Tatibouet, 123 Hawaiʻi 500, 510, 236 P.3d 1236, 1246 (2010) ("[A]lthough a claim for attorney's fees does not preserve a case which has otherwise become moot on appeal, . . . the question of attorney's fees is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction.") (citations omitted).  We review an award of attorney's fees and costs for abuse of discretion.  Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 105, 176 P.3d 91, 104 (2008).  The same standard applies to our review of the amount of a trial court's award of attorney's fees.  Chun v. Bd. of Trs. of the Emps. Ret. Sys. of Haw., 106 Hawaiʻi 416, 431, 106 P.3d 339, 354 (2005).

     **(a)**  Kathleen argues that David was not entitled to an award of attorney's fees and costs because the family court erred by granting David's motion to expunge.  The record indicates that Kathleen did not file a memorandum in opposition to David's motion to expunge, nor did she argue against the motion during the hearing.  Her argument that the family court erred by granting David's motion to expunge was waived.  Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007) (noting general rule that arguments not made in the trial court will be deemed to have been waived on appeal).

     Kathleen argues that the family court failed to consider the factors set forth in HRS § 580-47(f) in awarding David attorney's fees and costs.  David's request for fees and costs was part of his motion to expunge.  Kathleen did not file a memorandum in opposition, nor did she argue the HRS § 580-47(f) factors at the hearing on the motion.  Her argument was waived.  Otaka, Inc., 114 Hawaiʻi at 500, 164 P.3d at 758.

     Kathleen incorrectly argues that the only legal authority cited by the family court for awarding attorney's fees and costs was Hawaiʻi Family Court Rules (**HFCR**) Rule 54, which pertains to judgments and costs, but not attorney's fees.  The family court cited Nakata v. Nakata, 7 Haw. App. 636, 793 P.2d 1219 (1990), in which we noted that "case law permits the

4

assessment of one party's attorney fees against the other party whose bad faith actions generated the attorney fees."  Id. at 638, 793 P.2d at 1221.  The family court also cited <u>TSA Int'l Ltd. v. Shimizu Corp.</u>, 92 Hawaiʻi 243, 990 P.2d 713 (1999), a case involving expungement of a lis pendens following an appeal. The family court found and concluded:

**FINDINGS OF FACT:**

1.     [Kathleen] attempted to block and did delay the listing and the sale of the [Kailua Property] throughout the above-captioned post-decree proceedings, which commencemenced [sic] of [sic] on October 22, 2015, through the closing of the house sale August, 2017.

.  .  .  .

4.     A full-price offer was made on the [Kailua Property] in December 2016, and [David] signed the Purchase Contract but [Kathleen] refused to sign, in her repeated attempts to thwart the sale of the [Kailua Property].

5.     [Kathleen] had been ordered to cooperate in the sale of the house, however, [Kathleen] stated in the Courtroom, by and through her attorney, that she would sign documents for the sale of the house, "over her dead body."  This was at a hearing on February 15, 2017, brought on by [David's] MOTION TO ORDER THE CHIEF CLERK OF COURTS TO SIGN PURCHASE CONTRACT ON BEHALF OF DEFENDANT AND FOR ATTORNEY FEES AND COSTS filed February 10, 2017.

6.     [Kathleen] filed two appeals during the pendency of this post-decree case, both of which were dismissed by the Intermediate Court of Appeals.

7.     After [Kathleen] filed her second appeal with the ICA, on May 24, 2017, she filed a Notice of <u>Lis Pendens</u> in the Bureau of Conveyances, based on the filing of her second appeal in the above-captioned post-decree action.

.  .  .  .

**CONCLUSIONS OF LAW**

.  .  .  .

10.     In the Eisenbrey case, here, as in the <u>TSA</u> case, [Kathleen]'s filing of a <u>lis pendens</u> on the [Kailua Property] was [Kathleen]'s bad faith attempts to encumber the property and block the sale of the house.

.  .  .  .

12.   Here, the Family Court issued many enforcement orders, which [Kathleen] mostly defied, but the final outcome is that [David] prevailed and the [Kailua Property] was under contract and scheduled to close in less than a month.  The closing could not take place because of the cloud on the title, placed there by [Kathleen]'s recordation of the Notice of Lis Pendens on May 24, 2017.

13.   At every turn, [Kathleen] has tried to block the sale of the [Kailua Property] and the filing of the Notice of <u>Lis Pendens</u> is another such tactic.  However [Kathleen]'s <u>lis pendens</u> is not supported by law. Here as in <u>TSA</u>, that [Kathleen] [()"losing party") should be allowed to encumber the property simply because she has appealed from the judgment unfavorable to [Kathleen] is "untenable."  Under these circumstances, it was proper for the Family Court of the First Circuit to exercise its power to enforce its judgment and grant [David]'s motion to expunge the <u>lis pendens</u>.

. . . .

15.   [Kathleen]'s bad faith actions of filing a <u>lis pendens</u> based on her filing of an appeal, warrant the assessment of attorney fees as pointed-out in <u>Nakata</u>. If not for [Kathleen]'s bad faith action of filing an unauthorized <u>lis pendens</u> against the [Kailua Property], [David] would not have incurred the charges for attorney fees and costs to file a motion, prepare for, and attend a hearing.

16.   As in <u>Nakata</u>, the Family Court here did not expressly state that there was an act of bad faith, however, looking at the totality of the circumstances paints a series of bad faith acts and contumacious behavior by [Kathleen] including her statement, in the courtroom, that she would cooperate and sign the documents "over her dead body". [sic]  The award of attorney fees to [David] is proper, as it was in <u>Nakata</u>.

The family court's findings of fact, and combined findings and conclusions, were supported by substantial evidence, and reflected an application of the correct rule of law.  <u>Est. of Klink ex rel. Klink v. State</u>, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007).

       In addition, the family court made these findings in connection with other proceedings that are not challenged by

6

Kathleen and are binding in this appeal, Okada Trucking Co. v.
Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002):[4]

> 5.   [Kathleen] refused to take any steps to sell the
>      [Kailua Property] despite [David]'s repeated emails
>      and other messages that the house must be sold.
>
> . . . .
>
> 11.  [David] contacted and lined-up a realtor to sell the
>      house and the realtor was ready to list the house
>      Spring of 2015 but [Kathleen] refused to sign a
>      listing agreement.
>
> . . . .
>
> 16.  The house has deteriorated over the past two years
>      while [Kathleen] refuses to co-operate in the sale of
>      the house.  There has been water damage to the ceiling
>      of the lanai; the pool equipment no longer works so
>      that the pool water is dirty and green; and general
>      disrepair and lack of maintenance can be seen in the
>      landscaping and the house.
>
> 17.  [Kathleen] told this Court, at the hearing on
>      February 3, 2016, that she received insurance money to
>      make repairs on the water-damaged lanai roof and [she]
>      spent the money on something other than repairing the
>      roof.
>
> . . . .
>
> 19.  [Kathleen] refused to sign listing agreements even
>      though she was ordered to do so at the March 16, 2016
>      [hearing], and the house could not be listed on the
>      MLS.
>
> . . . .
>
> 22.  [Kathleen] signed the listing Agreement on or about
>      August 2, 2016, and the realtor, Francine Felix,
>      listed the house . . . on the Multiple Listing Service
>      ("MLS").  However, [Kathleen] did not allow the
>      realtor to do a walk through which was scheduled for
>      August 13, 2016, or to show the house.
>
> 23.  On August 14, 2016, [Kathleen] demanded that the
>      realtor cancel the group showings realtor had
>      scheduled for the evening of August 15, 2016, and the
>      afternoon of August 16, 2016.  The realtor made no
>      more appointments in August 2016, to show the house
>      because [Kathleen] would not allow the realtor access.
>      There was no "for sale" sign in front of the house.

---

[4]   These findings are included in the "Findings of Fact and
Conclusions of Law Regarding Plaintiff's Motion and Declaration for Post-
Decree Relief, Filed October 22, 2015[,]" entered by the family court on
January 9, 2017.

24. On August 31, 2016, in response to an offer on the house, [Kathleen] demanded that the realtor, Francine Felix, "cease and desist" and to "inactivate the MLS for my property and remove my property from the real estate market."

25. In August 2016, there were two offers made on the house, sight-unseen, contingent on home inspections. However, [Kathleen] would not let anyone see the house or inspect the house.

. . . .

30. The Court ordered that [Kathleen] would be evicted from the house because she continued to defy the Orders of the Court that she cooperate with the sale of the house and she was, in fact, purposely obstructing the sale of the house. [Kathleen] was ordered out of the house on or before the 16th of October, 2016.

. . . .

33. The realtor verified that one potential buyer had been lost because of [Kathleen]'s refusal to cooperate.

The family court also made these findings that are not challenged by Kathleen and are binding in this appeal:[5]

2. [Kathleen] made twenty-one (21) pro se filings with the Court from January 23, 2017, through June 16, 2017. Many of [Kathleen]'s filings include numerous pages in the leading document and a multitude of attachments. Some information is in the form of quotes and negative opinions regarding [David]'s or [David]'s attorney's character and positive quotes and opinions regarding her own character, all of which are irrelevant to the sale of the [Kailua Property], which sale was ordered in the Judgment of Divorce, filed December 30, 2014, and which property sale is enforced in the present action.

3. [Kathleen] stated in the Courtroom, by and through her attorney, that she would sign documents for the sale of the house, "over her dead body."

. . . .

6. At the time of the hearing on May 05, 2017, there was a full-price offer, Purchase Contract for the [Kailua Property] signed by [David] and the Buyer and which [Kathleen] refused to sign.

. . . .

_____

[5] These findings are included in the "Findings of Fact and Conclusions of Law for Orders Appealed By Defendant in CAAP-17-0000444 Regarding Plaintiff's Motion For Post-Decree Relief, Filed October 22, 2015[,]" entered by the family court on July 18, 2017.

13.  On May 9, 2017, the Chief Clerk of Courts of the First Circuit Court of the State of Hawaiʻi, signed the Purchase Contract, on behalf of [Kathleen], for the sale of the [Kailua Property]. An Escrow Account was opened for the sale of the house, by Old Republic Title and Escrow, on or about May 12, 2017, and given an escrow# 6812014016-CK.

14.  [Kathleen] has been presented with and refuses to sign documents to move forward on the sale of the house, even though [Kathleen] has been ordered by the Court to cooperate in the sale of the house and [David] has filed a Motion to have documents signed to move toward closing on the house.

15.  [Kathleen] recorded a <u>lis pendens</u> against the [Kailua Property], with the Bureau of Conveyances, on May 24, 2017, as a measure to obstruct the sale of the house.

On this record, we conclude that the family court did not abuse its discretion by granting David's request for attorney's fees and costs.

**(b)** Kathleen argues that the amount of fees and costs awarded — $5,217.77 — was excessive. The family court ordered that David's counsel submit a declaration supporting the amount of attorney's fees and costs requested. Counsel submitted a declaration and request for $5,217.77. Kathleen filed objections, arguing that some of the fees were not related to the motion to expunge, and that the amount charged was unreasonable. David contends that "[t]he Family Court properly found the attorney fees and costs were reasonable." But the family court found only that "[i]n her Declaration, Counsel for [David] stated the fees she charged were necessary in the action and were reasonably billed, considering the complexity of the issues and as compared with other attorneys in the area and in the practice of family law." The court made no finding that the amount of attorney's fees and costs requested were reasonable and necessarily incurred in connection with the motion to expunge, nor did it address Kathleen's objections. Accordingly, we remand for the family court to "specify the grounds for [the] award[] of attorneys' fees and the amounts awarded with respect to each ground." <u>Price v. AIG Haw. Ins. Co.</u>, 107 Hawaiʻi 106, 113, 111 P.3d 1, 8 (2005).

**(3)** Kathleen argues that the family court erred by denying her Rule 60(b) Motion. HFCR Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void; [or]
>
> . . . .
>
> (6) any other reason justifying relief from the operation of the judgment.

We review the family court's order on a motion filed under HFCR Rule 60(b)(3) or (6) for abuse of discretion. LaPeter v. LaPeter, 144 Hawaiʻi 295, 304, 439 P.3d 247, 256 (App. 2019). We review an order on an HFCR Rule 60(b)(4) motion de novo under the right/wrong standard. See Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 139, 254 P.3d 439, 450 (2011).

**(a)** According to Kathleen's opening brief, the Rule 60(b) Motion requested relief from the family court order entered on January 11, 2017, that denied a motion for post-decree relief Kathleen had filed on December 9, 2016. The December 9, 2016 motion sought an order requiring that David pay half of the mortgage payments and half of the repairs for the Kailua Property. The January 11, 2017 order contained a finding that the December 9, 2016 motion was frivolous.

Kathleen's Rule 60(b) Motion made no argument about the January 11, 2017 order. During the hearing on the Rule 60(b) Motion, Kathleen's counsel briefly mentioned David not making mortgage payments, but offered no argument about why Kathleen should be granted relief from the January 11, 2017 order under HFCR Rule 60(b). Kathleen's arguments, raised for the first time

in her opening brief, are waived.[6]  <u>Otaka, Inc.</u>, 114 Hawaiʻi at
500, 164 P.3d at 758 .

    **(b)**  Kathleen's Rule 60(b) Motion also sought relief
from the family court's orders granting David's requests for
attorney's fees, entered on November 25, 2016, March 21, 2017,
and March 23, 2017.  To the extent relief was sought under HFCR
Rule 60(b)(3), the Rule 60(b) Motion failed to state with
particularity the circumstances constituting fraud, as required
by HFCR Rule 60(b).  HFCR Rule 60(b) ("For reason[] . . . (3) the
averments in the motion shall be made in compliance with Rule
9(b) of these Rules."); HFCR Rule 9(b) ("In all averments of
fraud . . . , the circumstances constituting fraud . . . shall be
stated with particularity.").

    To the extent Kathleen sought relief under HFCR
Rule 60(b)(4), she failed to establish that the family court
orders at issue were void.  See <u>Cvitanovich-Dubie</u>, 125 Hawaiʻi at
141, 254 P.3d at 452 ("[A] judgment is void only if the court
that rendered it lacked jurisdiction of either the subject matter
or the parties or otherwise acted in a manner inconsistent with
due process of law.").

    To the extent Kathleen sought relief under HFCR
Rule 60(b)(6), the factual and legal arguments made in her
Rule 60(b) Motion and her opening brief could have, and should
have, been made in opposition to David's original fee requests.
<u>Tagupa</u>, 108 Hawaiʻi at 465, 121 P.3d at 930.

    We conclude that the family court did not abuse its
discretion or err on the law when it denied Kathleen's HFCR
Rule 60(b) Motion.

---

    [6]    Kathleen's opening brief purports to recite the relevant
procedural history, but fails to mention that Kathleen filed an HFCR Rule 59
motion for reconsideration of the January 11, 2017 order on January 23, 2017.
That motion was denied by order entered on March 20, 2017.  Kathleen's opening
brief makes no argument that could not have been made in her HFCR Rule 59
motion for reconsideration.  <u>See</u> <u>Tagupa v. Tagupa</u>, 108 Hawaiʻi 459, 465, 121
P.3d 924, 930 (App. 2005) (noting that reconsideration is not a device to
relitigate old matters or to raise arguments or evidence that could and should
have been brought during the earlier proceeding).

For the foregoing reasons, we: (1) affirm the "Order Granting Plaintiff's Motion for an Order to Expunge Notice of Lis Pendens Recorded May 24, 2017, on 1127 Lauloa St[.], Kailua, Hawaii and for Attorney Fees" entered on July 12, 2017; (2) vacate the "Order and Judgment for Attorney Fees and Costs for Motion for an Order to Expunge Notice of Lis Pendens" entered on September 26, 2017, and remand to the family court for redetermination or clarification; and (3) affirm the "Order Denying Defendant's Rule 60[(b)] Motion for Relief from Order Denying Defendant's Post Decree Motion Filed December 9, 2016, and Orders for Attorney Fees & Costs Filed November 25, 2016, March 21, 2017 and March 23, 2017" entered on February 9, 2018.

DATED:  Honolulu, Hawaiʻi, May 23, 2023.

On the briefs:

Rebecca A. Copeland,
for Defendant-Appellant.

Robin R. Gregory,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge