## NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000046
19-SEP-2024
07:59 AM
Dkt. 81 SO**

NOS. CAAP-21-0000477, CAAP-21-0000046,
CAAP-21-0000209 and CAAP-21-0000415

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-21-0000477

HARBOR MALL, LLC, Plaintiff/Counterclaim Defendant-Appellant,
v.
JASPER PROPERTIES, LLC, Defendant/Counterclaimant-Appellee,
and
DOE DEFENDANTS 1-100, Defendants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANY
ENTITIES 1-10; and DOE GOVERNAMENTAL ENTITIES 1-10,
Counterclaim Doe Defendants,

and

### CAAP-21-0000046

HARBOR MALL, LLC, Plaintiff/Counterclaim Defendant-Appellant,
v.
JASPER PROPERTIES, LLC, Defendant/Counterclaimant-Appellee,
and
DOE DEFENDANTS 1-100, Defendants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANY
ENTITIES 1-10; and DOE GOVERNAMENTAL ENTITIES 1-10,
Counterclaim Doe Defendants,

and

**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**CAAP-21-0000209**

HARBOR MALL, LLC, Plaintiff/Counterclaim Defendant-Appellant,
v.
JASPER PROPERTIES, LLC, Defendant/Counterclaimant-Appellee,
and
DOE DEFENDANTS 1-100, Defendants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANY
ENTITIES 1-10; and DOE GOVERNAMENTAL ENTITIES 1-10,
Counterclaim Doe Defendants,


and


**CAAP-21-0000415**

HARBOR MALL, LLC, Plaintiff/Counterclaim Defendant-Appellant,
v.
JASPER PROPERTIES, LLC, Defendant/Counterclaimant-Appellee,
and
DOE DEFENDANTS 1-100, Defendants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANY
ENTITIES 1-10; and DOE GOVERNAMENTAL ENTITIES 1-10,
Counterclaim Doe Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-19-0000014)

**SUMMARY DISPOSITION ORDER**
(By:  Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

Plaintiff/Counterclaim Defendant-Appellant Harbor

Mall, LLC (**Harbor Mall**) appeals from the (1) February 2, 2021

Order Awarding Defendant/Counterclaim Plaintiff[-Appellee]

Jasper Properties, LLC's [(**Jasper Properties**)] Motion to Expunge

[Harbor Mall's] Notice of Pendency of Action Filed October 23,

2020 (**Expungement Order**), (2) February 25, 2021 Order Awarding

Attorneys' Fees Re: [Jasper Properties'] Motion to Expunge

[Harbor Mall's] Notice of Pendency of Action Filed October 23,

2020 (**Attorney's Fees Order**), (3) August 2, 2021 Order Granting [Jasper Properties'] Motion for Partial Summary Judgment as to Counts I and II Filed June 7, 2021 (**Summary Judgment Order**), and (4) August 25, 2021 Judgment (**Judgment**), all entered by the Circuit Court of the Fifth Circuit (**circuit court**).[1]

This case involves a driveway that is located on, and "straddling the property line[,]" of adjacent properties owned by Harbor Mall and Jasper Properties. The summary judgment record reflects that Jasper Properties acquired its property in 2003, and that Harbor Mall and Jasper Properties executed a handwritten 2003 contract (**the 2003 Agreement**) that purports to memorialize an agreement to share the cost of improvements to the driveway. Although the parties did not fulfill the terms of the 2003 Agreement due to the prohibitive cost, it appears that Harbor Mall continued to utilize the entire driveway, including the portion located on Jasper Properties' land, until Jasper Properties erected barriers in 2019 that prevented Harbor Mall from accessing the portion of the driveway located on Jasper Properties' land. It appears that Harbor Mall arranged for the paving of the shared driveway after the 2003 Agreement was signed and prior to Jasper Properties' erecting of barriers in 2019.

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

In October 2020, Harbor Mall filed its operative First Amended Complaint (**FAC**) against Jasper Properties, seeking damages as well as injunctive and declaratory relief. The FAC sets forth three counts, contending that Jasper Properties wrongly restricted its access to the entire driveway, and alleging breach of contract, promissory estoppel, and unjust enrichment.

Jasper Properties subsequently moved for summary judgment on Harbor Mall's breach of contract and promissory estoppel claims. The circuit court heard the motion, granted summary judgment in favor of Jasper Properties, and entered a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b) Judgment on Counts I and II. Harbor Mall appealed from the Judgment.

On appeal, Harbor Mall raises the following points of error, contending that the circuit court erred in: (1) awarding Jasper Properties attorney's fees;[2] (2) granting summary judgment in favor of Jasper Properties and against Harbor Mall on Count I (breach of contract) of Harbor Mall's FAC; (3) granting summary judgment in favor of Jasper Properties and against Harbor Mall on Count II (promissory estoppel) of Harbor Mall's FAC; and (4)

---

[2]  Harbor Mall raises this point of error in CAAP-21-0000046 and CAAP-21-0000209. Briefing on this point of error was filed in CAAP-21-0000209.

4

denying Harbor Mall's request for an extension of time in which to conduct discovery pursuant to HRCP Rule 56(f).[3]

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Harbor Mall's points of error as follows:

(1) Harbor Mall contends that the circuit court erred by awarding Jasper Properties attorney's fees, in the amount of $6,471.20, as the prevailing party with regard to the Expungement Order.[4] We review the circuit court's Attorney's Fees Order for abuse of discretion. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 105, 176 P.3d 91, 104 (2008).

In Price v. AIG Hawaiʻi Ins. Co., 107 Hawaiʻi 106, 111 P.3d 1 (2005), the Hawaiʻi Supreme Court noted,

> We take this opportunity to remind all judges to specify the grounds for awards of attorneys' fees and the amounts awarded with respect to each ground. Without such an explanation, we must vacate and remand awards for redetermination and/or clarification.

Id. at 113, 111 P.3d at 8 (citations omitted).

---

[3]     Harbor Mall raises the points of error referenced in (2), (3), and (4) in CAAP-21-0000415 and CAAP-21-0000477. Briefing on these points of error was filed in CAAP-21-0000477.

[4]     In March 2020, Harbor Mall filed a Notice of Pendency of Action (**NOPA**), or *lis pendens*. Jasper Properties moved for expungement of the NOPA; the circuit court granted Jasper Properties' motion and Attorney's Fees Order. Harbor Mall appealed the attorney's fees award in CAAP-21-0000046 and CAAP-21-0000209. "An order awarding attorney fees is an appealable collateral order." Nakata v. Nakata, 7 Haw. App. 636, 636, 793 P.2d 1219, 1220 (1990).

In <u>Erum v. Llego</u>, 147 Hawai'i 368, 465 P.3d 815 (2020), the Hawai'i Supreme Court further explained that,

> . . . [T]his court has recommended that orders imposing sanctions in other contexts "set forth findings that describe, with reasonable specificity, the perceived misconduct (such as harassment or bad faith conduct), as well as the appropriate sanctioning authority (<u>e.g.</u>, HRCP Rule 11 or the court's inherent power)." <u>Bank of Hawaii v. Kunimoto</u>, 91 Hawai'i 372, 390, 984 P.2d 1198, 1216 (1999). When an order imposing sanctions does not follow this recommendation, the appellate court is compelled to review the entire record for an abuse of discretion. <u>Fujimoto v. Au</u>, 95 Hawai'i 116, 153, 19 P.3d 699, 736 (2001). However, we have stated that specific findings must be made in cases when it is warranted. <u>See</u>, <u>e.g.</u>, <u>Tagupa v. VIPDesk</u>, 135 Hawai'i 468, 479, 353 P.3d 1010, 1021 (2015) (stating that prior to a statutory award of attorneys' fees for a frivolous claim, the court must make a specific finding that all or a portion of the claims made by a party are frivolous); <u>Fujimoto</u>, 95 Hawai'i at 153, 19 P.3d at 736 ("Absent a particularized finding of bad faith, the circuit court abused its discretion in sanctioning the plaintiffs."); <u>Kunimoto</u>, 91 Hawai'i at 389, 984 P.2d at 1215 ("It is well settled that a court may not invoke its inherent powers to sanction an attorney without a specific finding of bad faith."); <u>Kawamata Farms, Inc. v. United Agri Prods.</u>, 86 Hawai'i 214, 258, 948 P.2d 1055, 1099 (1997) (affirming the circuit court's award of attorneys' fees because the court issued findings describing defendant's discovery violations in detail).
>
> We have also stated that specific findings that describe the perceived misconduct serve multiple important purposes. <u>Enos</u>, 79 Hawai'i at 459, 903 P.2d at 1280. First, findings permit a more meaningful and efficient appellate review as to whether "the trial court exercised its discretion in a reasoned and principled fashion." <u>Id.</u> Second, findings assure the litigants, as well as the court, "that the decision was the product of thoughtful deliberation." <u>Id.</u> Finally, findings clearly identify and explain to the sanctioned person the conduct underlying the sanction.

<u>Id.</u> at 389-90, 465 P.3d at 836-37.

The circuit court did not explain the grounds for its fees award, as <u>Price</u> and <u>Erum</u> require. The circuit court did not cite any legal authority that provided the basis for the fees award. Moreover, the circuit court reduced the amount of

attorney's fees from the $8,732.98 requested to "$6,471.20 (20.6 hours x $300/hr plus GET)." In doing so, the circuit court did not further explain its rationale for the reduced fees, nor did it make any finding that the reduced amount was reasonable. On this record, we cannot effectively review whether the circuit court abused its discretion in its award of attorney's fees to Jasper Properties.

We vacate the circuit court's Attorney's Fees Order, as well as the portion of the Expungement Order that, without further explanation, awards Jasper Properties "reasonable attorney's fees and costs incurred to bring the [expungement] Motion[,]" and remand for an explanation as to the grounds for awarding fees and the determination of a reasonable fees award in compliance with Price and Erum's instructions.

(2) Harbor Mall contends that the circuit court erred by granting Jasper Properties' motion for partial summary judgment on Counts I and II of the FAC. The circuit court granted summary judgment, concluding that there was no genuine issue of material fact with respect to Harbor Mall's contentions of "breach of contract" or "promissory estoppel."

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013) (citations omitted). The court applies the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. at 55-56, 292 P.3d at 1285-86.

"[A] summary judgment movant may satisfy [their] initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry [their] burden of proof at trial." Id. at 60, 292 P.3d at 1290. The burden then shifts to the respondent to establish that there is a genuine question of material fact for trial. Id. at 57, 292 P.3d at 1287.

"Implied contracts arise under circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intention to contract." Durette v. Aloha Plastic Recycling, Inc., 105 Hawaiʻi 490, 504, 100 P.3d 60, 74 (2004) (citation omitted). "An implied contract, in the proper sense, is where the intention of the parties is not expressed, but an agreement in fact, creating an obligation, is implied or presumed from their acts . . . ." Id. (cleaned up).

8

In order to establish promissory estoppel,

(1)    There must be a promise;

(2)    The promisor must, at the time he or she made the promise, foresee that the promisee would rely upon the promise (foreseeability);

(3)    The promisee does in fact rely upon the promisor's promise; and

(4)    Enforcement of the promise is necessary to avoid injustice.

Applications of Herrick, 82 Hawai'i 329, 337-38, 922 P.2d 942, 950-51 (1996) (citing Restatement (Second) of Contracts § 90 (Am. L. Inst. 1979)) (cleaned up).

> Generally, a claim for promissory estoppel may arise as an application of the general principle of equitable estoppel to certain situations where a promise has been made, even though without consideration, if it was intended that the promise be relied upon and was in fact relied upon, and a refusal to enforce it would be virtually to sanction the perpetration of fraud or result in other injustice.

Gonsalves v. Nissan Motor Corp. in Hawaii, Ltd., 100 Hawai'i 149, 164, 58 P.3d 1196, 1211 (2002) (citation omitted).

Harbor Mall provided evidence, in the form of Richard Jasper's[5] deposition testimony, of his belief that Harbor Mall and Jasper Properties were "sharing" the driveway "in perpetuity."  Pursuant to this understanding, the summary judgment record reflects that the parties had entered into the 2003 Agreement to share the cost of improvements to the driveway.  The summary judgment record further reflects that

---

[5]    Richard Jasper testified that he signed the 2003 Agreement on behalf of Jasper Properties.  He also testified to being the "member manager" of Jasper Properties.

9

Harbor Mall had been accessing Jasper Properties' portion of the driveway for years, and had been responsible for the paving of the driveway. We conclude that Harbor Mall raised a genuine question of material fact, at the summary judgment stage, as to whether there existed a mutual agreement and/or promise pursuant to which Harbor Mall had a legal or equitable right to access the portions of the driveway that "straddled" Jasper Properties' land,[6] such that Harbor Mall might be able to establish a claim to some form of damages and/or equitable relief.

The circuit court erred in granting summary judgment on Counts I and II of Harbor Mall's FAC.

(3) In light of our decision, as explained in section (2), *supra*, we need not reach Harbor Mall's contention that the circuit court erred in denying its request, pursuant to HRCP Rule 56(f), for additional time to conduct discovery at the summary judgment stage.

For the foregoing reasons, we vacate the circuit court's Attorney's Fees Order, Summary Judgment Order, and Judgment. We further vacate the portion of the Expungement Order that, without further explanation, awards Jasper Properties "reasonable attorney's fees and costs incurred to

---

[6] Harbor Mall characterizes this alleged legal or equitable right variously as, or akin to, an "easement by estoppel," "irrevocable license," "implied easement," "equitable servitude," and "servitude created by estoppel."

bring the [expungement] Motion."  We remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, September 19, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Matthew Mannisto,<br>for Plaintiff/Counterclaim<br>Defendant-Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Mark R. Zenger,<br>for Defendant/<br>Counterclaimant-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |