**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000575
22-AUG-2024
08:19 AM
Dkt. 47 SO**

CAAP-21-0000575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRENDA OLIONE, Defendant-Appellee, and
JAMES N. GREENBERG, Real Party-in-Interest-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-20-0000157)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Real Party in Interest-Appellant, Deputy Public Defender James N. Greenberg (**Greenberg**), appeals from the September 29, 2021 Findings of Fact [[**FOFs**)], Conclusions of Law [(**COLs**)] and Order Issuing Sanctions as to James Greenberg Esq. (**Sanctions Order**), entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

On September 14, 2021, a bench trial was held in <u>State v. Olione</u>, with Greenberg appearing on behalf of Defendant Brenda Olione. During cross-examination of the complaining witness (**CW**), the Circuit Court sustained numerous objections to the form

---

[1] The Honorable Robert D.S. Kim presided.

of Greenberg's questions, and after multiple heated exchanges over whether the form of questioning was proper, the Circuit Court informed Greenberg that a sanctions hearing would be held for his disruptive and disrespectful conduct.

At a hearing held on September 22, 2021, Greenberg was given notice of what the alleged basis of sanctions would be: (1) violation of Rule 3.5, Hawaiʻi Rules of Professional Conduct (**HRPC**) (2014);[2] (2) failure to follow the court's instructions; (3) disrespectful behavior; (4) lack of civility; and (5) lack of respect to the tribunal.  The Circuit Court continued the hearing to give Greenberg time to prepare.  After a further hearing on September 27, 2021, on September 29, 2021, the Circuit Court issued the Sanctions Order, fining Greenberg $500.  Greenberg timely appealed.

Greenberg raises a single point of error on appeal, contending that the Circuit Court abused its discretion in

---

[2]     HRPC Rule 3.5 states, in pertinent part:

**Rule 3.5.   IMPARTIALITY AND DECORUM OF THE TRIBUNAL.**

.  .  .  .

   (c)   **Disruption of Tribunal**.  A lawyer shall not engage in conduct intended or reasonably likely to disrupt a tribunal.

   (d)   **Communication with a Judge or Official**.  In an adversary proceeding, a lawyer shall not communicate as to the merits of the cause with a judge or an official before whom the proceeding is pending except:

        (1)    in the course of the official proceeding in the cause;

        (2)    in writing if the lawyer promptly delivers a copy of the writing to the opposing counsel or to the adverse party if not represented by a lawyer; or

        (3)    orally upon notice to opposing counsel or to the adverse party if not represented by a lawyer.

imposing a $500 fine against him.  Greenberg also challenges the following FOFs and COLs entered by the Circuit Court:

> 1. The record discloses a violation of Rule 3.5, [HRPC], to wit:  Excessive belligerence to the tribunal.
>
> 2. During the trial [Greenberg] repeatedly failed to ask questions, but instead made statements, during the cross-examination of [CW] despite repeated warnings by the Court.
>
> . . . .
>
> 4. The Courts have inherent equity, supervisory, and administrative powers as well as inherent powers to control the litigation process before them.  These inherent powers are derived from the Hawaii State Constitution, and are not confined by or dependent on state statutes.  Enos v. Pacific Transfer & Warehouse, Inc., 79 Haw. 452, 903 P.2d 1273 (1995).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Greenberg's point of error as follows:

Greenberg's overarching argument is that the Circuit Court abused its discretion in imposing sanctions against him because he did not act in "bad faith."

HRPC Rule 3.5(c), Disruption of Tribunal, states that "[a] lawyer shall not engage in conduct intended or reasonably likely to disrupt a tribunal."  Comment [2] to HRPC Rule 3.5 provides guidance that:

> [2]  The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants.  A lawyer may stand firm against abuse by a judge but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review, and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.

3

Belligerence is defined as "an aggressive or truculent attitude, atmosphere, or disposition. Belligerence, The Merriam-Webster Dictionary (new ed. 2022). The trial transcript reveals numerous statements that are impertinent, disrespectful, and demonstrate an aggressive or truculent attitude toward the Circuit Court.

After the Circuit Court had already sustained numerous objections to the form of Greenberg's questions, the court finally asked Greenberg if his bar license is important to him, to which Greenberg answered, "no it isn't." When the judge responded, "well, it isn't to me," Greenberg retorted "well, good." When the Circuit Court explained to Greenberg, "there's nothing wrong with strenuous, you know -- cross-examination," Greenberg responded snidely, "oh, that's the first time I've ever done it." The court then told Greenberg, "you talk to me like that, when this trial is over we're gonna have a hearing on sanctions. Okay?" Greenberg responded, "great." The Circuit Court informed Greenberg, "okay, I've -- I've warned you, and at the end of the trial there's gonna be a sanction hearing." Greenberg responded, " Fine . . . I don't mind -- I don't mind sanctions at this stage -- stage in my life. I don't really care. You know I don't. You wanna know the -- truth? I don't care." (Format altered).

We conclude that the Circuit Court's finding that the record discloses excessive belligerence to the tribunal is not clearly erroneous.

The record of Greenberg's cross-examination of the CW also supports the court's finding that, despite repeated

4

warnings, Greenberg continually failed to ask questions and instead made statements and/or testified during cross-examination. While Greenberg maintains that these remarks were questions, we conclude that FOF/COL 2 is not clearly erroneous.

Greenberg argues that bad faith cannot be found because he believed that the Circuit Court was inappropriately dictating the specific style of his cross-examination, and his responses were merely "disruptful," but cannot be considered bad faith because he believed he was in the right. After careful review, we conclude that Greenberg's contention that the Circuit Court was mandating a specific style of cross-examination is simply not supported by the record.

Nevertheless, a court may not invoke its inherent powers pursuant to Hawaii Revised Statutes § 603-21.9 (2016) absent a finding of bad faith. In <u>Sandomire v. Brown</u>, this court stated:

> "a court may not invoke its inherent power for this purpose absent a specific finding of bad faith. "Bad faith" is defined as "actual or constructive fraud or a neglect or refusal to fulfill some duty . . . not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Although the words "bad faith" need not be explicitly stated in the sanctioning order, the court must make findings "tantamount to a specific finding of bad faith," *i.e.*, "findings that are sufficient to enable [the appellate court] to infer a specific finding of bad faith by the circuit court."

144 Hawaiʻi 314, 331, 439 P.3d 266, 283 (App. 2019) (citations omitted). Importantly, when a court uses its inherent powers it must do so with restraint and discretion. In <u>Wong v. Frank</u>, this court stated:

> The Supreme Court cautions that "[b]ecause inherent powers are shielded from democratic controls, they must be exercised with restraint and discretion. "A court must

> . . . exercise caution in invoking its inherent power, and
> it must comply with the mandates of due process[.]"

9 Haw. App. 249, 261, 833 P.2d 85, 92 (1992) (citations omitted).

Here, the Circuit Court's findings are tantamount to a finding of bad faith, and they are supported by the record before the court. The Circuit Court exercised restraint in counseling Greenberg, warning Greenberg, giving Greenberg notice of the violations, and time to prepare a response before levying sanctions. We conclude that the Circuit Court did not abuse its discretion in imposing a $500 fine against Greenberg.

Accordingly, the Circuit Court's September 29, 2021 Sanctions Order is affirmed.

DATED: Honolulu, Hawaiʻi, August 22, 2024.

On the briefs:                              /s/ Katherine G. Leonard
                                            Acting Chief Judge
Jon N. Ikenaga,
Deputy Public Defender,                     /s/ Keith K. Hiraoka
for Defendant-Appellant.                    Associate Judge

Patricia Ohara,                             /s/ Sonja M.P. McCullen
Robyn B. Chun,                              Associate Judge
Deputy Attorneys General,
for the Honorable Robert D.S. Kim.